Payam Khodadadi (SBN 239906)
McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone:     310.315.8208
Facsimile:      310.315.8210
Email: pkhodadadi@mcguirewoods.com

Joseph A. Florczak (admitted *pro hac vice*)
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone:     312.849.8100
Facscimile:    312.849.3690
Email:  jflorczak@mcguirewoods.com

*Counsel for Navient Solutions, LLC*
*and Navient Credit Finance Corporation*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  OSCAR D. TERAN, Debtor | Bankruptcy No. 10-31718<br>Chapter 7 |
| OSCAR D. TERAN, on behalf of himself and all those similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION,<br><br>            Defendants. | Adversary No. 20-03075<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION**<br><br>Date:        February 26, 2021<br>Time:       9:00 a.m.<br>Location:  Telephonic Appearance<br>               Courtroom 17<br>               150 Golden Gate Avenue<br>               16th Floor<br>               San Francisco, CA 94102 |

-1-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 7

II. FACTUAL BACKGROUND .......................................................................................... 9

    A. Commencement of this Adversary Proceeding. ........................................................ 9

    B. The Arbitration Agreement in the Promissory Note. ............................................... 9

III. ARGUMENT ................................................................................................................. 11

    A. Standard of Review. ................................................................................................ 11

    B. The Court Lacks Subject Matter Jurisdiction Over the CCCRAA Claim.............. 11

    C. The Plain Language of the Promissory Note and the FAA Mandate
       Arbitration for the CCCRAA Claim. .................................................................... 14

    D. Even If Subject Matter Jurisdiction Existed, the Bankruptcy Court Should
       Enforce the Arbitration Agreement With Respect to Plaintiff's Claim Under
       the CCCRAA ........................................................................................................ 17

    E. Arbitration of Plaintiff's CCCRAA Claim Does Not Conflict With
       Fundamental Bankruptcy Policy ........................................................................... 19

IV. CONCLUSION ............................................................................................................. 21

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Allen v. Equifax Info. Servs., LLC*,
No. 3:17-CV-211-DJH-CHL, 2017 WL 5762414, at *4–5 (W.D. Ky. Nov. 28, 2017) ................................................................................................................... 21

*ASUS Computer Int'l v. InterDigital, Inc.*,
No. 15-CV-01716-BLF, 2015 WL 5186462 (N.D. Cal. Sept. 4, 2015) ................................. 12

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ......................................................................................... 16

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
475 U.S. 643 (1986) ......................................................................................... 16

*In re Atwood*,
452 B.R. 249 (Bankr. D.N.M. 2011) ................................................................. 19

*Belton v. GE Capital Consumer Lending, Inc. (In re Belton)*,
No. 15-cv-1934, 2015 WL 6163083 (S.D.N.Y. Oct. 14, 2015) .............................. 17

*Bensadoun v. Jobe–Riat*,
316 F.3d 171 (2nd Cir. 2003) ........................................................................... 12

*Buckingham v. Baptist Memorial Hosp.*,
283 B.R. 691 (N.D. Miss. 2002) ...................................................................... 15

*In re Close*,
2003 WL 22697825 (Bankr. E.D. Pa. 2003) ..................................................... 15

*Co., Inc. v. Gen. Tel. & Elecs. Corp.*,
594 F.2d 730 (9th Cir. 1979) ........................................................................... 12

*CompuCredit Corp. v. Greenwood,* 565 U.S. 95, 98 (2012) .................................. 16

*Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*,
642 F.3d 849 (9th Cir. 2011) ........................................................................... 17

*In re Csondor*,
309 B.R. 124 (Bankr. E.D. Pa. 2004) .......................................................... 14, 19

*Dean Witter Reynolds Inc. v. Byrd*,
470 U.S. 213 (1985) ......................................................................................... 17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

*Duke v. Trans Union LLC*,
  No. CIV. 08-520-KI, 2008 WL 4319982 (D. Or. Sept. 16, 2008) ........................................ 19

*In re Eber*,
  687 F.3d 1123 (9th Cir. 2012) .............................................................................................. 18

*In re EPD Inv. Co.*,
  LLC, 821 F.3d 1146 (9th Cir. 2016) ..................................................................................... 18

*In re Fietz*,
  852 F.2d 455 (9th Cir. 1988) ................................................................................................ 13

*First Options of Chi., Inc. v. Kaplan*,
  514 U.S. 938 (1995) .............................................................................................................. 16

*Gadomski v. Wells Fargo Bank N.A.*,
  281 F. Supp. 3d 1015 (E.D. Cal. 2018) ............................................................................... 20

*Gilmer v. Interstate/Johnson Lane Corp.*,
  500 U.S. 20 (1991) ................................................................................................................ 16

*In re Goldstein*,
  201 B.R. 1 (Bankr. D. Me. 1996) ......................................................................................... 15

*GT Sec., Inc. v. Klastech GmbH, C*ase
  No. 13–cv–3090–JCS, 2014 WL 2928013 (N.D. Cal. June 27, 2014) ................................. 12

*In re Humes*,
  496 B.R. 557 (Bankr. E.D. Ark. 2013) ................................................................................ 19

*In re Hye Rhee Kong*,
  No. 08-50127-SLJ, 2013 WL 6923063 (Bankr. N.D. Cal. Nov. 15, 2013) ......................... 14

*Ivax Corp. v. B. Braun of Am., Inc.*,
  286 F.3d 1309 (11th Cir. 2002) ........................................................................................... 17

*Jenkins v. Fifth Third Bank*,
  No. 1:16-cv-976, 2017 WL 3605357 (S.D. Ohio Aug. 22, 2017) ........................................ 21

*Kaneff v. Delaware Title Loans, Inc.*,
  587 F.3d 616 (3rd Cir. 2009) ............................................................................................... 12

*Kasim v. Equifax Info. Servs., LLC*,
  No. CIV.08-627-HA, 2008 WL 4858267 (D. Or. Nov. 10, 2008) ........................................ 14

*Kasim v. Equifax Info. Servs., LLC*,
  No. CIV. 08-628-HA, 2008 WL 4793685 (D. Or. Oct. 28, 2008) ........................................ 19

*Kokkonen v. Guardian Life Ins. Co.*,
  511 U.S. 375 (1994) .............................................................................................................. 12

-4-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

*In re Lee Sinn*,
   No. 10-43746-CAN13, 2014 WL 7689811 (Bankr. W.D. Mo. Oct. 7, 2014) ...................... 19

*Maitland v. Mitchell (In re Harris Pine Mills)*,
   44 F.3d 1431 (9th Cir.1995)............................................................................................. 13

*Mann v. Equifax Info. Servs., LLC*,
   No. 12-CV-14097, 2013 WL 3814257 (E.D. Mich. July 22, 2013) ................................ 20, 21

*McGlynn v. Credit Store, Inc.*,
   234 B.R. 576 (D. R.I. 1999)............................................................................................. 15

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983)............................................................................................................. 16

*NL Indus. v. Kaplan*,
   792 F.2d 896 (9th Cir.1986)............................................................................................. 12

*In re Nordeen*,
   489 B.R. 203 (D. Nev. 2013) ........................................................................................... 19

*In re Pegasus Gold Corp.*,
   394 F.3d 1189 (9th Cir. 2005).......................................................................................... 13

*In re Perkins*,
   533 B.R. 242 (Bankr. W.D. Mich. 2015) .......................................................................... 19

*Perry v. NorthCentral Univ., Inc.*,
   No. CV-10-8229-PCT-PGR, 2011 WL 4356499 (D. Ariz. Sept. 19, 2011) ....................... 12

*Prima Point Corp. v. Flood & Conklin Mfg. Co.*,
   388 U.S. 395 (1967).......................................................................................................... 17

*Rent-A-Center, West, Inc. v. Jackson*,
   561 U.S. 63 (2010) ...................................................................................................... 16, 17

*In re Resorts Intern., Inc.*,
   372 F.3d 154 (3rd Cir. 2004)............................................................................................ 12

*In re Reyes*,
   238 B.R. 507 (Bankr. D. R.I. 1999) ................................................................................. 15

*Schultze v. Chandler*,
   765 F.3d 945 (9th Cir. 2014)............................................................................................ 13

*Shields v. Frontier Tech., LLC.*,
   No. CV 11-1159-PHX-SRB, 2011 WL 13070409 (D. Ariz. Nov. 30, 2011) ....................... 12

*In re Steele*,
   258 B.R. 319 (Bankr. D. N.H. 2001) ................................................................................. 15

-5-

1  *In re Thorpe Insulation Co.*,
2      671 F.3d 1011 (9th Cir. 2012) .......................................................................... 18, 20

3  *In re Valdez Fisheries Dev. Ass'n, Inc.*,
        439 F.3d 545 (9th Cir. 2006). Bankruptcy ........................................................... 12
4
5  *In re Vogt*,
        257 B.R. 65 (Bankr. D. Colo. 2000) ..................................................................... 15

6  **Federal Statutes**

7  9 U.S.C. § 2 ................................................................................................... 15, 16, 17

8  9 U.S.C. § 3 ............................................................................................. 8, 9, 16, 17

9  9 U.S.C. § 4 ................................................................................................... 8, 9, 16

10  11 U.S.C. § 7 ......................................................................................... 8, 9, 19, 20, 21

11  15 U.S.C. § 1681 ................................................................................. 14, 19, 20, 21

12  15 U.S.C § 1692 ......................................................................................... 14, 15, 19

13  28 U.S.C. § 157 ......................................................................................... 12, 13, 20

14  28 U.S.C. § 157(a) ............................................................................................... 13

15  28 U.S.C. § 157(b)(2) ..................................................................................... 13, 19

16  28 U.S.C. § 1334 ................................................................................................. 12

17  28 U.S.C. § 1334(b) ........................................................................................... 13

18  **State Statutes**

19  Cal. Civ. Code § 1785.25 ..................................................................................... 8

20  Cal. Civ. Code § 1785.31 ..................................................................................... 8

21  **Rules**

22  Fed. R. Civ. P. 12(b)(1) ................................................................................ 8, 9, 12

23  Fed. R. Bankr. P. 7012 ................................................................................... 8, 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (the "Rules"), as made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4, Defendants Navient Solutions, LLC and Navient Credit Finance Corporation (collectively, "Navient"), through this motion (the "Motion"), respectfully request that this Court: (a) dismiss Count Three of the Class Action Complaint (the "CCCRAA Claim") filed by Plaintiff Oscar D. Teran for lack of subject matter jurisdiction or, in the alternative, (b) compel Plaintiff to submit the CCCRAA Claim to binding arbitration. To the extent necessary, this Motion constitutes Navient's written notice of an election to arbitrate all of the claims in the Complaint.

## I. INTRODUCTION

As a student, Plaintiff applied for and obtained a bar study educational loan that is serviced by Navient. Plaintiff thereafter sought relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court. Plaintiff now asserts in this Adversary Proceeding that his bar study educational loan is not excepted from discharge[1] and seeks (a) relief from purported violations of this Court's discharge order, (b) a determination of dischargeability for such loan and (c) a separate cause of action relating to the credit reporting of such loan under the California Consumer Credit Reporting Agencies Act ("CCCRAA"), California Civil Code Sections 1785.25 and 1785.31, on behalf of himself and on behalf of a purported class of persons.

The Court lacks subject matter jurisdiction over the CCCRAA Claim. The CCCRAA Claim does not arise in or under Title 11. Nor is the claim related to Plaintiff's bankruptcy case – resolution of the CCCRAA claim will not affect administration of the estate in any way and does not affect any confirmed bankruptcy plan or related litigation trust. It is a purely post-discharge

---

[1] Navient disputes, among other things, Plaintiff's assertions regarding the dischargeability of his student loan because they are contrary to the plain language of Section 523(a)(8), which provides an exception to discharge for student loans such as this, and other authority on the dischargeability of student loans. Navient expressly reserves any and all of its rights, claims, and defenses in regard to the claims asserted in the Complaint.

-7-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

dispute between Plaintiff and Navient. This Court and numerous courts across the country have found subject matter jurisdiction to be lacking in such circumstances.

Moreover, even if subject matter jurisdiction existed, the CCCRAA claim would be subject to mandatory arbitration. When Plaintiff obtained his bar study loan, he entered into a valid and binding agreement (a promissory note) that contained an arbitration agreement (the "Promissory Note)[2]. The arbitration agreement requires arbitration of any legal claim, dispute or controversy, including disputes involving alleged violations of statute, regulation, or common law, and claims for equitable or declaratory relief. The dispute over whether Navient's conduct violated the provisions of the CCCRAA is plainly within the scope of this arbitration agreement.

A long line of Supreme Court precedent upholds the expansive reach of the FAA across a wide-spectrum of statutory schemes. This reach extends to the Ninth Circuit, where a bankruptcy court must enforce a valid arbitration agreement in "non-core" matters. Non-core matters are those that do not arise from the Bankruptcy Code or the bankruptcy proceeding itself, but are merely "related to" a bankruptcy case. To the extent the Court has jurisdiction at all, Plaintiff's CCCRAA cause of action is a non-core claim, and is therefore subject to binding arbitration.

Moreover, arbitration of Plaintiff's CCCRAA Claim does not prevent Plaintiff from effectively vindicating his statutory rights under the Bankruptcy Code and does not inherently conflict with the purposes of the Bankruptcy Code. Therefore, the arbitration agreement in the Promissory Note must be enforced.

Accordingly, pursuant to Rule 12(b)(1) and 9 U.S.C. §§ 3–4, Navient respectfully requests that this Court (a) dismiss the CCCRAA Claim for lack of subject matter jurisdiction or, in the alternative, to (b) compel arbitration of the CCCRAA claim.

/ / /

/ / /

---

[2]     A true and correct copy of the Promissory Note is attached as Exhibit 1 to the Declaration of Joseph Florczak in Support of Defendants' Motion to Dismiss Count Three of Plaintiff's Complaint or, Alternatively, Compel Arbitration filed contemporaneously herewith.

-8-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

## II. FACTUAL BACKGROUND

### A. Commencement of this Adversary Proceeding

In May 2010, Plaintiff filed for Chapter 7 bankruptcy protection, and received a discharge on August 17, 2010. *See* Case No. 10-31718, Dkt. No. 11. On August 31, 2020, ten years after his discharge and the closing of the Bankruptcy Case, Plaintiff filed this adversary proceeding seeking (i) a declaratory judgment that Navient violated the discharge orders of the Court with respect to Plaintiff and purported class members; (ii) a determination of dischargeability as to Plaintiff's and purported class members' loans; and (iii) relief under the CCCRAA for Plaintiff and a purported subclass. *See* Dkt. No 1 (the "Complaint") ¶¶ 73-97.

### B. The Arbitration Agreement in the Promissory Note

The Promissory Note contains a valid and binding arbitration agreement. (Ex. 1). The arbitration provision generally provides that any past, present, or future legal dispute or any claim of any kind, including statutory and common law claims, and claims for equitable relief, that relate in any way to the Promissory Note, will be resolved by binding arbitration. The relevant portions of the applicable provisions are as follows:

> To the extent permitted under federal law, you and I agree that either party may elect to arbitrate - and require the other party to arbitrate - any Claim under the following terms and conditions. This Arbitration Agreement is part of the LAWLOANS Bar Study Loan Note **("Note")**. . . .
>
> **2. IMPORTANT WAIVERS: If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, WHETHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR OTHERWISE; OR ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION (the "CLASS ACTION WAIVER"); (3) join or consolidate Claim(s) with claims involving any other person; or (4) obtain information except as provide herein.**
>
> **3. DEFINITIONS:** In this Arbitration Agreement, the following definitions will apply:

-9-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

Case 20-03075    Doc# 21    Filed 01/29/21    Entered 01/29/21 13:58:53    Page 9 of 22

**"I," "me"** and **"my"** mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. **"You," "your"** and **"yours"** mean the Lender; any other subsequent holder of this note; Sallie Mae; SLM Financial Corporation; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities. . . . . It also includes any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. . . .

4. **"CLAIM"** means any legal claim, dispute or controversy between you and me that arises from or relates in any way to the Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) fees, charges or other provisions of the Note; (2) any application, disclosure or other document relating in any way to the Note or the transactions evidenced by the Note. . . . . This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **Also "Claim" does not include any challenge to the validity and effect of the Class Action Waiver, which must be decided by a court.**

(Ex. 1 at § S (emphasis in original)).

/ / /

/ / /

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

# III.   ARGUMENT

## A.   Standard of Review

Rule 12(b)(1), as incorporated by Bankruptcy Rule 7012, allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. Pro. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *See Thornhill Pub. 'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *See NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

Likewise, courts generally treat motions to compel arbitration as motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See, e.g., ASUS Computer Int'l v. InterDigital, Inc.,* No. 15-CV-01716-BLF, 2015 WL 5186462, at *2 (N.D. Cal. Sept. 4, 2015) (citing *GT Sec., Inc. v. Klastech GmbH, C*ase No. 13–cv–3090–JCS, 2014 WL 2928013, at *17 (N.D. Cal. June 27, 2014)). This standard is akin to a summary judgment standard. *See, e.g., Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir. 2003) ("In the context of motions to compel arbitration under the Federal Arbitration Act . . . , the court applies a standard similar to that applicable for a motion for summary judgment."); *Kaneff v. Delaware Title Loans, Inc*., 587 F.3d 616, 620 (3rd Cir. 2009) (same); *Perry v. NorthCentral Univ., Inc*., No. CV-10-8229-PCT-PGR, 2011 WL 4356499, at *3 (D. Ariz. Sept. 19, 2011) (same). As such, the court may consider matters outside of the pleadings. *Shields v. Frontier Tech., LLC.,* No. CV 11-1159-PHX-SRB, 2011 WL 13070409, at *4 (D. Ariz. Nov. 30, 2011).

## B.   The Court Lacks Subject Matter Jurisdiction Over the CCCRAA Claim

The jurisdiction enjoyed by bankruptcy courts is more limited than district courts. *See In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 549 (9th Cir. 2006). Bankruptcy judges exercise the authority conferred to them under 28 U.S.C. § 157 and 28 U.S.C. § 1334. *In re Resorts Intern.,*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

*Inc.*, 372 F.3d 154, 161 (3rd Cir. 2004). Specifically, a bankruptcy court may hear and decide "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" pursuant to 28 U.S.C. § 157(a). 28 U.S.C. § 1334(b). "[C]laims that arise under or in Title 11 are deemed to be 'core' proceedings, while claims that are related to Title 11 are 'noncore' proceedings." *Schultze v. Chandler*, 765 F.3d 945, 948 (9th Cir. 2014); *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435 (9th Cir.1995).

Core proceedings are those that would not exist outside of a bankruptcy, such as "matters concerning the administration of the estate," "orders to turn over property of the estate," and "proceedings to determine, avoid, or recover preferences." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005) (quoting 28 U.S.C. § 157(b)(2)). A nonexhaustive list of core proceedings is set out in 28 U.S.C. § 157.

Bankruptcy courts also assert jurisdiction over "a much broader set of cases: those proceedings that are 'related to' a bankruptcy case." *In re Pegasus Gold*, 394 F.3d at 1193. These "non-core proceedings" are those in which the proceeding may not be against the debtor or the debtor's property, but the outcome could nevertheless "alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* (quoting *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)). Where bankruptcy proceedings have concluded, a bankruptcy court's jurisdiction is even more limited. The Ninth Circuit applies the "close nexus" test for post-confirmation "related to" jurisdiction, which asks whether a matter "affect[s] the interpretation, implementation, consummation, execution, or administration of a confirmed plan" or an incorporated litigation trust agreement. *In re Pegasus Gold.*, 394 F.3d at 1193.

Here, Plaintiff's CCCRAA action asserts, in substance, that Navient inaccurately reported the balance of Plaintiff's student loan debt following receipt of the bankruptcy discharge in violation of the CCCRAA. *See* Complaint ¶¶ 73-97. This cause of action arose, if at all, following the complete administration of Plaintiff's bankruptcy case and receipt of a bankruptcy discharge. It involves a solely post-discharge dispute between the Plaintiff and Navient. The outcome of this cause of action would have no effect on the bankruptcy estate, which revested in Plaintiff upon his

Chapter 7 discharge in 2010. Plaintiff's CCCRAA count fails the "close nexus" test because it does not affect a confirmed plan or any aspect of the bankruptcy proceeding in any way. This Court and other courts in the Ninth Circuit have found that a bankruptcy Court lacks subject matter jurisdiction over such claims. For example, in *In re Hye Rhee Kong*, No. 08-50127-SLJ, 2013 WL 6923063 (Bankr. N.D. Cal. Nov. 15, 2013), the court found:

> Defendant denies that this court has subject matter jurisdiction as to the FDCPA, CCCRA, and FCRA claims, and the court is inclined to agree . . . . The claims asserted here involve post-confirmation, post-discharge disputes between Debtor and Defendant. Their outcome would have no effect on the bankruptcy estate . . . More importantly, the allegations appear to fail the "close nexus" test because they do not affect the confirmed plan in any way.

2013 WL 6923063, at *3. Similarly, in *Kasim v. Equifax Info. Servs., LLC*, No. CIV.08-627-HA, 2008 WL 4858267 (D. Or. Nov. 10, 2008), the court held:

> Appellant contends that the "close nexus" test should be interpreted as providing jurisdiction if "there is a close nexus between [plaintiff's] discharge and his claims that [defendants] are misreporting his discharged debts . . . . However, these issues do not rely on an "interpretation, implementation, consummation, execution, or administration" of a bankruptcy plan. There is no settlement or trust agreement requiring interpretation by the bankruptcy court, and no impact upon the estate itself. The applicable "close nexus" analysis examines the progress of the bankruptcy proceeding itself and not the parties involved in the litigation. That test is not met under these circumstances. The Bankruptcy Court concluded properly that it lacked subject matter jurisdiction and was compelled to dismiss the FCRA claims.

2008 WL 4858267 at *3. Indeed, numerous courts across the country have determined that postpetition claims under consumer protection statutes such as the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.*, (the "FDCPA"), the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 and state-law analogues such as the CCCRAA involving post-petition conduct are not within the bankruptcy court's subject matter jurisdiction, even in cases asserting discharge

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

injection violations. *See In re Csondor*, 309 B.R. 124, 129–30 (Bankr. E.D. Pa. 2004) ("Because the Complaint raises claims grounded in independent Federal and state laws and arising from post-petition conduct, they are not "related" to this bankruptcy for purposes of jurisdiction."); *In re Goldstein*, 201 B.R. 1, 5 (Bankr. D. Me. 1996) ("Goldstein's F.D.C.P.A. and tort claims are not within this court's "related to" bankruptcy jurisdiction. . . . The claims hold no potential to impact in any way the "handling and administration of the bankrupt estate."); *In re Steele*, 258 B.R. 319, 322 (Bankr. D. N.H. 2001) (holding that bankruptcy court lacked jurisdiction to rule on FDCPA and state law causes of action for post discharge injunction violation); *McGlynn v. Credit Store, Inc.*, 234 B.R. 576, 584 (D. R.I. 1999) ("Even if plaintiffs prevail on their [FDCPA] claim, the recovery would belong to them, not to their respective estates."); *In re Reyes*, 238 B.R. 507, 508 (Bankr. D. R.I. 1999) (holding that bankruptcy court lacked jurisdiction to adjudicate postpetition state law claims); *Buckingham v. Baptist Memorial Hosp.*, 283 B.R. 691, 693 (N.D. Miss. 2002) (holding that FDCPA and RICO claims were not "related to" the estate because they all dealt with post-petition conduct and any recovery would go to the plaintiff and would have no conceivable effect on the estate); *In re Vogt*, 257 B.R. 65, 68 (Bankr. D. Colo. 2000) (holding that bankruptcy court's limited jurisdiction prevents it from ruling on debtor's post-discharge FDCPA claim); *In re Close*, 2003 WL 22697825 *4 (Bankr. E.D. Pa. 2003) (holding that bankruptcy court lacked subject matter jurisdiction even over UDAP claims arising out of violation of discharge injunction).

Accordingly, the Court lacks subject matter jurisdiction over the CCCRAA Claim and the Court should dismiss that claim.

**C.** **The Plain Language of the Promissory Note and the FAA Mandate Arbitration for the CCCRAA Claim**

Section 2 of the FAA provides, in pertinent part:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

-14-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

Case: 20-03075    Doc# 21    Filed: 01/29/21    Entered: 01/29/21 15:58:53    Page 14 of 22

9 U.S.C. § 2. Where the parties have entered into a valid and binding agreement to arbitrate, the FAA further provides, among other things, that the party aggrieved by the failure or refusal of another to arbitrate may move for an order directing that such arbitration proceed in the manner provided for in the agreement to arbitrate. *Id.* at §§ 3, 4.

The Supreme Court has, time and time again, confirmed the strong policy favoring arbitration under the FAA. *See CompuCredit Corp. v. Greenwood,* 565 U.S. 95, 98 (2012) ("[Section 2 of the FAA] requires courts to enforce agreements to arbitrate according to their terms."); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345–46, 352 (2011) (explaining that "the FAA was designed to promote arbitration" and holding that the FAA preempts state law that "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress") (citation and quotation omitted); *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67–73 (2010) (holding that the FAA "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms.") (citations omitted); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) ("'[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'") (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The FAA embodies both the "liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *Concepcion*, 563 U.S. at 339 (citations and internal quotation marks omitted).[3]

Therefore, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses*, 460 U.S. at 24–25, and arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quotation marks omitted). Put another way, the FAA creates a "presumption in favor of

---

[3] In resolving whether the parties agreed to arbitrate, "courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

1  arbitrability; so, parties must clearly express their intent to exclude categories of claims from their

2  arbitration agreement." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1320 (11th Cir. 2002).

3      Here, the arbitration agreement expressly states that it is "made pursuant to a transaction

4  involving interstate commerce and shall be governed by the FAA . . . ."  (Ex. 1 at § S(9)).  The

5  Promissory Note states that the parties "agree that either party may elect to arbitrate[—]and require

6  the other party to arbitrate[—]any Claim under the following terms and conditions."  (Ex. 1 at § S).

7  Further, the arbitration agreement in the Promissory Note contains a broad delegation clause which

8  delegates, among other things, issues involving arbitrability, or the enforceability of the Promissory

9  Note as a whole, to the arbitrator.[4]  Plaintiff's assent to the Promissory Note is more than sufficient

10  to establish a valid and binding agreement to arbitrate.[5]

11      In the Complaint, Plaintiff asserts, *inter alia*, a cause of action relating to the credit reporting

12  of his loan under the CCCRAA.  The Promissory Note provides for arbitration of, *inter alia*, any

13  "legal claim, dispute or controversy . . . that arises from or relates in any way to [the Promissory]

14  Note, including . . . disputes involving violation of statute, regulation or common law.  (Ex. 1 at §

15  S(4)).

16

17

18      [4]     Ex. 1 at § (S)(4) (the delegation clause in the Promissory Note is contained in the
        definition of "Claim" which includes "disputes concerning the validity, enforceability, arbitrability
19      or scope of this . . . this Note," while the only questions reserved for the court, and not the arbitrator,
        are disputes about the "validity and effect of the Class Action and Multi-Party Waiver.").
20      Irrespective of the enforceability of the Promissory Note post-discharge, the arbitration agreement
        (including the delegation clause) contained in the Promissory Note is severable and separately
21      enforceable.  In *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70–71 (2010), the Supreme Court
        held that Section 2 of the FAA provides a basis for severing the arbitration agreement from the
22      rest of a contract even when there is a challenge to the enforceability contract as a whole.  Such a
        challenge "does not prevent a court from enforcing a specific agreement to arbitrate."  *Id.* at 70;
23      *see also Belton v. GE Capital Consumer Lending, Inc. (In re Belton)*, No. 15-cv-1934, 2015 WL
        6163083, at *3–4, (S.D.N.Y. Oct. 14, 2015) (compelling arbitration of discharge violation claims
24      and rejecting argument that the discharge rendered the parties' arbitration agreement
        unenforceable).

25      [5]     Under the FAA, a court presented with a motion to compel arbitration "may
26      consider only issues relating to the making and performance of the agreement to arbitrate."  *Prima
        Point Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967).  Section 3 of the FAA does
27      not allow for the exercise of discretion by a court and instead mandates that courts "'*shall* direct
        the parties to proceed to arbitration . . . .'"  *Countrywide Home Loans, Inc. v. Mortgage Guar. Ins.*
28      *Corp.*, 642 F.3d 849, 854 (9th Cir. 2011) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S.
        213, 218 (1985)) (granting motion to compel arbitration) (emphasis in original).

And the arbitration agreement indisputably extends to Navient as the servicer of the debt. Specifically, in the Promissory Note, the arbitration provision applies to, *inter alia*:

> [A]ny other subsequent holder of this note; Sallie Mae [now Navient Solutions, LLC]; SLM Financial Corporation; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities . . . [, and] any party named as a co-defendant [in a claim asserted by Plaintiff], such as . . . loan servicers . . . .

(Ex. 1 at § S(3)).

Thus, Plaintiff's claim under the CCCRAA falls within the scope of the arbitration agreement contained in the Promissory Note. Accordingly, the arbitration agreement must be construed and enforced in accordance with the FAA.

### D. Even If Subject Matter Jurisdiction Existed, the Bankruptcy Court Should Enforce the Arbitration Agreement With Respect to Plaintiff's Claim Under the CCCRAA

As set forth above, the Court lacks subject matter jurisdiction over Plaintiff's CCCRAA Claim. Even if such jurisdiction existed, however, the Court should enforce the arbitration agreement in the Promissory Note with respect to such claim. Under Ninth Circuit precedent, a bankruptcy court may exercise its discretion to decline to enforce an otherwise applicable arbitration agreement (a) only with respect to core bankruptcy matters, and (b) only if the arbitration would interfere with fundamental bankruptcy policy. *See In re EPD Inv. Co.*, LLC, 821 F.3d 1146, 1150 (9th Cir. 2016) (determining that the underlying "causes of action were core proceedings, thereby giving the bankruptcy court discretion to weigh the competing bankruptcy and arbitration interests at stake."); *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1021 (9th Cir. 2012) (noting that "[i]n non-core proceedings, the bankruptcy court generally does not have discretion to deny enforcement of a valid prepetition arbitration agreement" and noting the rationale that "non-core proceedings are unlikely to present a conflict sufficient to override by implication the presumption in favor of arbitration whereas core proceedings implicate more pressing bankruptcy concerns.") (citations omitted); *accord In re Eber*, 687 F.3d 1123, 1131 (9th Cir. 2012) (upholding

-17-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

Case: 20-03075    Doc# 21    Filed: 01/29/21    Entered: 01/29/21 15:58:53    Page 17 of 22

determination that arbitration in that particular case would "jeopardize a core bankruptcy proceeding"). In other words, in the Ninth Circuit, a bankruptcy court should enforce an applicable arbitration agreement with respect to a non-core proceeding.

Numerous courts throughout the country have recognized that causes of action under consumer credit reporting and protection statutes, such as the FDCPA, FCRA and various state-law analogues (such as the CCCRAA) are not "core" bankruptcy matters. *See*, e.g., *In re Perkins*, 533 B.R. 242, 246 (Bankr. W.D. Mich. 2015) ("The relief sought neither arises under the Bankruptcy Code, nor does it arise in a case under the Bankruptcy Code. Rather, the causes of action in this adversary proceeding arise under the FDCPA . . . [a]s such, this adversary proceeding is not a core proceeding."); *In re Atwood*, 452 B.R. 249, 255 (Bankr. D.N.M. 2011) ("Plaintiff's claims under the FDCPA, the NM–UPA, and New Mexico common law do not raise substantive rights created under bankruptcy law, can exist independently of a pending bankruptcy case, and are not otherwise defined as core proceedings under 28 U.S.C. § 157(b)(2)."); *In re Nordeen*, 489 B.R. 203, 205 (D. Nev. 2013) (noting that FDCPA claim, among other claims, was non-core matter); *In re Humes*, 496 B.R. 557, 567 (Bankr. E.D. Ark. 2013) (finding that FDCPA and equivalent Arkansas state-law causes of action were non-core proceedings); *In re Lee Sinn*, No. 10-43746-CAN13, 2014 WL 7689811, at *6 (Bankr. W.D. Mo. Oct. 7, 2014) ("[I]t is undisputed that Count IV [regarding FCRA claims] is not a core matter; . . . FCRA claims neither "arise in" or "under" any provision of title 11"); *Duke v. Trans Union LLC,* No. CIV. 08-520-KI, 2008 WL 4319982, at *2 (D. Or. Sept. 16, 2008) ("observing that "there is no question that the FCRA claims do not qualify as a "core" proceeding"); *Kasim v. Equifax Info. Servs., LLC*, No. CIV. 08-628-HA, 2008 WL 4793685, at *2 (D. Or. Oct. 28, 2008) ("Appellant acknowledged that his "claims for violating the FCRA are non-core proceedings"); *see also In re Csondor*, 309 B.R. 124, 129 (Bankr. E.D. Pa. 2004):

> [I]t is clear that neither the FDCPA nor the state law claims 'arise in' or 'arise under' a particular bankruptcy case. Neither cause of action represents a claim created by the Bankruptcy Code; neither type of claim arises from the administration of the bankruptcy case; and both claims exist independently of bankruptcy cases and are frequently raised in non-bankruptcy fora. Accordingly, these claims do not give rise to core proceedings.

-18-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION

Plaintiff's cause of action under the CCCRAA is a state-law cause of action with respect to credit reporting that arose, if at all, after the complete administration of Plaintiffs' bankruptcy case. It is not based on any right expressly created by Title 11 and has an independent existence outside of the bankruptcy. It has no bearing on the restructuring of debtor-creditor relations and does not come within any of the enumerated core proceedings in 28 U.S.C. § 157. Accordingly, Plaintiff's cause of action under the CCCRAA could only be a non-core proceeding, and the Court, if it has jurisdiction at all, should enforce the arbitration agreement with respect to such cause of action.

**E.  Arbitration of Plaintiff's CCCRAA Claim Does Not Conflict With Fundamental Bankruptcy Policy**

As set forth above, Plaintiff's CCCRAA Claim is a non-core matter even if subject matter jurisdiction exists. Even if it is not a non-core claim, the Court could only decline to enforce arbitration if "arbitration would conflict with the underlying purposes of the Bankruptcy Code." *Thorpe Insulation*, 671 F.3d at 1021. Arbitration of the CCCRAA Claim does not present such a conflict. Indeed, numerous bankruptcy courts analyzing post-discharge FCRA claims (the federal analogue to the CCCRAA) have found that arbitration of such claims does not conflict with fundamental bankruptcy policies. In *Mann v. Equifax Info. Servs., LLC*, No. 12-CV-14097, 2013 WL 3814257, at *9 (E.D. Mich. July 22, 2013), for example, the court held, in pertinent part:

> The court sees no inherent conflict between the Bankruptcy Code's purposes and enforcing the Arbitration Agreement with respect to Mann's post-discharge FCRA action against NMAC. The Arbitration Agreement is only in play because of Mann's FCRA claim, not because NMAC is attempting to collect a debt that has been discharged. The matter certainly is not a "core" part of Mann's bankruptcy proceedings. Moreover, simply enforcing a provision which defines the venue for resolving their instant dispute does not deprive Mann of the "fresh start" granted by the Bankruptcy Code, because it imposes on her no financial liability whatsoever, and would not undermine any Bankruptcy Code provision.

2013 WL 3814257 at *9. *See also Gadomski v. Wells Fargo Bank N.A.,* 281 F. Supp. 3d 1015, 1019 (E.D. Cal. 2018) ("Plaintiff's claims [under the FCRA and CCCRAA] relate solely to

Defendant's alleged inaccurate reporting of debts . . . and not Defendant's attempts to collect a discharged debt. [T]he Court agrees with the court's reasoning in *Mann* that 'simply enforcing a provision which defines the venue for resolving the instant dispute does not deprive [plaintiff] of [a] 'fresh start' granted by the bankruptcy code.'); *Jenkins v. Fifth Third Bank*, No. 1:16-cv-976, 2017 WL 3605357, at *5 (S.D. Ohio Aug. 22, 2017) (finding that in light of *Mann*, "referring [the plaintiff's FCRA] claim to arbitration [would] not impose any financial liability on the [p]laintiff, interfere with his 'fresh start' guaranteed by the discharge, nor otherwise conflict with the purposes of the Bankruptcy Code"); *Allen v. Equifax Info. Servs., LLC*, No. 3:17-CV-211-DJH-CHL, 2017 WL 5762414, at *4–5 (W.D. Ky. Nov. 28, 2017) ("Allen brings an FCRA claim against Credit One. Submitting this claim to arbitration will not interfere with Allen's "fresh start" or otherwise conflict with the purposes of the Bankruptcy Code.").

Here, Plaintiff's bankruptcy case was fully administered over ten years ago. Arbitration of the CCCRAA Claim will have no effect on his bankruptcy estate or any creditors (other than Navient itself), and will not interfere with the "fresh start" given in 2010 through Plaintiff's bankruptcy proceeding. Thus, arbitration of Plaintiffs' CCCRAA Claim does not conflict with the fundamental principles of the Bankruptcy Code.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# IV. __CONCLUSION__

WHEREFORE, for the reasons stated above, Navient asks the Court to (a) dismiss the CCCRAA Claim from this action for lack of subject matter jurisdiction or, in the alternative, (b) compel Plaintiff to submit the CCCRAA Claim to binding arbitration.

Respectfully submitted,

/s/ Payam Khodadadi

Dated: January 29, 2021

Payam Khodadadi (SBN 239906)
McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone:      310.315.8208
Facsimile:       310.315.8210
Email: pkhodadadi@mcguirewoods.com

Joseph A. Florczak (admitted *pro hac vice*)
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone:      312.849.8100
Facscimile:      312.849.3690
Email:  jflorczak@mcguirewoods.com

*Counsel for Navient Solutions, LLC*
*and Navient Credit Finance Corporation*

1

<u>**CERTIFICATE OF SERVICE**</u>

2        I hereby certify that on January 29, 2021, I electronically transmitted the foregoing

3  document entitled **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN**

4  **SUPPORT OF MOTION TO DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT**

5  **OR, ALTERNATIVELY, COMPEL ARBITRATION** to the Clerk's Office of the United States

6  Bankruptcy Court, Northern District of California, using the Court's CM/ECF System for filing and

7  service via transmittal of a Notice of Electronic Filing email from the Court to the registered email

8  addresses of the interested parties in this case.

9        I declare under penalty of perjury under the laws of the United States of America that the

10  foregoing is true and correct.

11        Executed on January 29, 2021 at Los Angeles, California.

12

13                    By:  /s/ Payam Khodadadi

14                          Payam Khodadadi

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, COMPEL ARBITRATION