Sean Phillips Rodriguez, State Bar No. 262437
srodriguez@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

*Attorneys for Stephanie Mazloom*

[Additional Attorneys on signature page]

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: OSCAR D. TERAN, Debtor | Bankruptcy No. 10-31718 DM<br>Chapter 7 |
| OSCAR D. TERAN, on behalf of himself and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION,<br><br>Defendants. | Adversary No. 20-03075<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE**<br><br>Date: February 23, 2023<br>Time: 9:30 AM<br>Location: Telephonic Appearance<br>  Courtroom 17<br>  150 Golden Gate Avenue<br>  16th Floor<br>  San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................... 1

II. FACTUAL BACKGROUND ............................................................................... 2

    A.     The *Crocker* Action and the Agreed Order to Stop Collections. ............................ 2

    B.     The *Mazloom* Action Currently Seeks to Represent a Class Containing All Members of the Proposed *Teran* Class. ............................................................. 4

    C.     Other Accomplishments of the *Mazloom* Counsel That Have Benefited the Proposed *Teran* Class. ........................................................................................ 6

    D.     The *Teran* Action ................................................................................................. 7

III. ARGUMENT ........................................................................................................ 7

    A.     Permissive Intervention is Appropriate. .............................................................. 7

    B.     This Action Should Be Dismissed Without Prejudice or Stayed Pursuant to the First-to-File Rule. .................................................................................................. 8

        1.     The First-to-File Rule Applies to the *Teran* Action. .................................. 8

        2.     The *Mazloom* action was first-filed. ........................................................ 10

        3.     There is Substantial Similarity Among the Parties. ................................. 10

        4.     There is Substantial Similarity of Issues in the Two Actions. .................. 11

        5.     Dismissal without Prejudice or a Stay is the Appropriate Remedy. .......... 13

        6.     None of the Exceptions to the First-to-File Rule are Applicable Here. ...... 13

IV. CONCLUSION .................................................................................................. 14

-i-

Adversary No. 20-03075

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

Case: 20-03075    Doc# 76    Filed: 12/22/22    Entered: 12/23/22 09:33:15    Page 2 of 19

**Cases**

*Adoma v. Univ. of Phoenix, Inc.*,
  711 F. Supp. 2d 1142 (E.D. Cal. 2010) .................................................................. 10, 11

*Alltrade, Inc. v. Uniweld Prod., Inc.*,
  946 F.2d 622 (9th Cir. 1991) ................................................................................. 10, 13

*Balan v. Tesla Motors Inc.*,
  No. C19-67 MJP, 2022 WL 2192872 (W.D. Wash. June 16, 2022) ...................... 9, 13

*Church of Scientology of California v. U.S. Dep't of Army*,
  611 F.2d 738 (9th Cir. 1979) ......................................................................................... 9

*Colorado River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976) ....................................................................................................... 8

*Golden v. Discover Bank* (*In re Golden*),
  630 B.R. 896 (Bankr. E.D.N.Y. 2021) ......................................................................... 6

*Great N. Ry. Co. v. Nat'l R.R. Adjustment Bd., First Div.*,
  422 F.2d 1187 (7th Cir. 1970) ....................................................................................... 9

*Guill v. All. Res. Partners, L.P.*,
  No. 16-CV-0424-NJR-DGW, 2017 WL 1132613 (S.D. Ill. Mar. 27, 2017) ............... 8

*Hansell v. TracFone Wireless, Inc.*,
  No. C-13-3440 EMC, 2013 WL 6155618 (N.D. Cal. Nov. 22, 2013) ......................... 9

*Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*,
  736 F.3d 255 (4th Cir. 2013) ......................................................................................... 8

*Henry v. Education Fin. Serv.* (*In re Henry*),
  944 F.3d 587 (5th Cir. 2019) ......................................................................................... 6

*Henry v. Home Depot U.S.A., Inc*,
  No. 14-CV-04858-JST, 2016 WL 4538365 (N.D. Cal. Aug. 31, 2016) ..................... 10

*Hill v. Robert's Am. Gourmet Food, LLC*,
  No. 13-CV-00696-YGR, 2013 WL 3476801 (N.D. Cal. July 10, 2013) ................... 11

*Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*),
  3 F.4th 595 (2d Cir. 2021) ............................................................................................ 6

*Hypower, Inc. v. SunLink Corp.*,
  No. 14-CV-00740-TEH, 2014 WL 1618379 (N.D. Cal. Apr. 21, 2014) ..................... 9

*In re Crocker*,
  941 F.3d 206 (5th Cir. 2019) ..................................................................................... 4, 6

*In re Homaidan*,
  587 B.R. 428 (Bankr. E.D.N.Y. 2018) ......................................................................... 6

*In re Homaidan*,
  596 B.R. 86 (Bankr. E.D.N.Y. 2019) ........................................................................... 6

-ii-  Adversary No. 20-03075

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

Case: 20-03075   Doc# 76   Filed: 12/22/22   Entered: 12/23/22 09:33:15   Page 3 of 19

*In re Homaidan*,
  640 B.R. 810 (Bankr. E.D.N.Y. 2022) .................................................................................. 6

*In re Homaidan*,
  Adv. Pro No. 17-1085 (ESS), 2022 WL 10707498 (Bankr. E.D.N.Y. Oct. 17, 2022) ............... 6

*In re Teran*,
  638 B.R. 620 (Bankr. N.D. Cal. 2022) .............................................................................. 5, 12

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
  544 F. Supp. 2d 949 (N.D. Cal. 2008) ............................................................................... 9, 10

*Koehler v. Pepperidge Farm, Inc.*,
  No. 13-CV-02644-YGR, 2013 WL 4806895 (N.D. Cal. Sept. 9, 2013) .............................. 9, 10

*Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
  787 F.3d 1237 (9th Cir. 2015) ...................................................................................... 11, 12, 13

*League of United Am. Citizens v. Wilson*,
  131 F.2d 1297 (9th Cir. 1997) .................................................................................................. 7

*Manier v. L'Oreal USA, Inc*,
  No. 2:16-CV-06886-ODW-KS, 2017 WL 59066 (C.D. Cal. Jan. 4, 2017) ................... 7, 10, 11

*McDaniel v. Navient Sols.* (*In re McDaniel*),
  913 F.3d (10th Cir. 2020) ......................................................................................................... 6

*Molander v. Google LLC*,
  473 F. Supp. 3d 1013 (N.D. Cal. 2020) ............................................................................. 9, 13

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*,
  No. C-11-1892 EMC, 2012 WL 3277222 (N.D. Cal. Aug. 9, 2012) ................................ 11, 13

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982) ....................................................................................... 9, 11, 13

*Penders v. SEGA of Am., Inc.*,
  543 F. App'x 657 (9th Cir. 2013) ...................................................................................... 9, 13

*Priddy v. Lane Bryant, Inc.*,
  No. 08-06889 MMM (CWX), 2008 WL 11410109 (C.D. Cal. Nov. 24, 2008) ................ 11, 13

*Ross v. U.S. Bank Nat. Ass'n*,
  542 F. Supp. 2d 1014 (N.D. Cal. 2008) .................................................................................. 10

*Ruff v. Del Monte Corp.*, No. C,
  12-05251 JSW, 2013 WL 1435230 (N.D. Cal. Apr. 9, 2013) ................................................. 10

*Scott v. Golden State FC, LLC*,
  No. 21-CV-02147-HSG, 2021 WL 2987264 (N.D. Cal. July 15, 2021) ........................... 12, 13

*Weinstein v. Metlife, Inc.*, No. C06-04444 SI,
  2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) ......................................................................... 10

*White v. Home Depot U.S.A., Inc.*,
  No. 22-CV-00276-AJB-AGS, 2022 WL 2489346 (S.D. Cal. July 6, 2022) ......................... 8, 9

-iii-     Adversary No. 20-03075
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

Case: 20-03075   Doc# 76   Filed: 12/22/22   Entered: 12/23/22 09:33:15   Page 4 of 19

**Statutes**

Bankruptcy Code §523(a)(8)(A)(ii) ................................................................................ 3, 12

§ 523(a)(8) ........................................................................................................................ 5, 12

§ 523(a)(8)(A)(i) .............................................................................................................. 6, 12

§ 523(a)(8)(B) ....................................................................................................................... 12

**Rules**

Fed. R. Civ. P. 24(b) ............................................................................................................... 7

-iv- Adversary No. 20-03075
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

Case: 20-03075  Doc# 70  Filed: 12/22/22  Entered: 12/23/22 09:33:15  Page 5 of 19

Stephanie Mazloom respectfully moves to intervene for the limited purpose of moving to dismiss without prejudice or staying this action because it duplicates her previously filed class action pending in the Northern District of New York, which action raises the same issues as to the same class against the same Defendants and in which action she has already achieved significant relief for the class here, including directly for the named plaintiff, Oscar D. Teran.

I.  **PRELIMINARY STATEMENT**

This action should be dismissed without prejudice or stayed because it is a later-filed, copycat action that seeks to piggyback on actions that were commenced starting in August 2016 by undersigned counsel and continue today. In August 2016, Evan Brian Crocker sued Navient on behalf of the same class of borrowers and asserting the same facts and bankruptcy violations as Plaintiff Teran asserts here. Indeed, Plaintiff Teran concedes and explains in his class certification motion how this action seeks virtually the identical relief as in *Crocker v. Navient Solutions, LLC, et al.*, Adv. Pro. No. 16-03175 (DRJ), (Bankr. S.D. Tex. filed Aug. 5, 2016). In July 2020, before the *Crocker* case settled, and before the *Teran* case was filed, the undersigned counsel filed an action on behalf of Stephanie Mazloom in the Northern District of New York, *Mazloom v. Navient Solutions, LLC*, Adv. Pro. No. 20-80033-6 (Bankr. N.D.N.Y. filed July 2, 2020), which also asserted the same allegations and same claims against a broader class of borrowers as those asserted in the *Teran* action. Interim class counsel was appointed in both cases and in both cases substantive relief has already been obtained on behalf of the class, including on behalf of everyone in the *Teran* class and Plaintiff Teran himself.

Because the prior-filed *Mazloom* action, like the prior-filed *Crocker* action, seeks to certify a national class of individuals who received private education loans from Navient Solutions, LLC and/or Navient Credit Finance Corporation (both hereinafter "Navient"), not for use for attendance at Title IV institutions and who received discharges in bankruptcy, it would be duplicative to allow this case to also proceed as a national class (or even a Circuit or district wide class) while the *Mazloom* case is pending and the same issues and same relief for the same class are already before that court.
-1-                                                                            Adversary No. 20-03075

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

Case: 20-03075    Doc# 76    Filed: 12/22/22    Entered: 12/23/22 09:33:15    Page 6 of 19

## II. FACTUAL BACKGROUND

Relief has been sought, and consistently obtained, on behalf of the proposed *Teran* class in previously filed cases since 2016. The *Crocker* Court initially appointed undersigned counsel as interim class counsel to represent the members of the proposed *Teran* class, and counsel obtained temporary injunctive relief in that action through an Agreed Order preventing Navient from collecting on the loans at issue in the *Teran* action from April 2017 through March of this year. Even when the Fifth Circuit limited the scope of the *Crocker* litigation, counsel ensured that the Agreed Order continued in force, protecting the proposed *Teran* class members from collection activity and preventing Navient from accruing interest on members of the proposed *Teran* class. In July 2020, Mazloom filed her adversary proceeding in the form of a class action, covering all members of the proposed *Teran* class, and moved for class certification of a nationwide class in March 2021, which motion is still pending. Mazloom also filed a Temporary Restraining Order against Navient and obtained relief from Navient in the form of a stipulation that Navient would again cease collections against the members of the proposed *Teran* class in April of this year.

As a result, as explained in more detail below, through these previously filed cases, the members of the proposed *Teran* class have not had their non-Title IV loans collected on since at least April 2017, have received millions of dollars of relief in the form of set aside interest accruals on their non-Title IV loans, and are currently members of a putative nationwide class in the Northern District of New York that has the potential to resolve all of their bankruptcy-related claims, together with the claims of similarly situated class members around the country.

### A. The *Crocker* Action and the Agreed Order to Stop Collections.

On August 5, 2016, undersigned counsel filed the *Crocker* action in the United States Bankruptcy Court for the Southern District of Texas, seeking to represent a class consisting of:

> Citizens of the various states who filed for bankruptcy in any of the district courts of the United States and were issued Discharge Orders since April 20, 2005 (the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act), who: a) Obtained Consumer Education Loans from Sallie Mae or Navient to cover expenses at non-Title IV accredited institutions; b) have never reaffirmed any pre-petition Consumer Education Loan debt; c) have nonetheless been subjected to Defendants' attempts to induce payment on discharged debts and have or have not repaid these loans since bankruptcy.

-2- Adversary No. 20-03075
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

Case: 20-03075 Doc# 76 Filed: 12/22/22 Entered: 12/23/22 09:33:15 Page 7 of 19

*Crocker v. Navient Solutions, LLC, et al.*, Adv. Pro. No. 16-03175 (DRJ), (Bankr. S.D. Tex.) ("*Crocker*"), Dkt. No. 15 (Amended Class Complaint, filed Aug. 26, 2015), attached as Ex. A to Declaration of Jason W. Burge ("Burge Decl.").

All proposed *Teran* plaintiffs, including Mr. Teran, were members of the putative *Crocker* class. Although *Teran* describes the class slightly differently, its proposed injunctive relief class is identical to that in *Crocker* and the case otherwise seeks monetary relief for a subset of the same class: i.e. all individuals who received private educational loans not for use at attendance at Title IV institutions and who received a discharge in bankruptcy. That includes not only individuals who attended non-Title IV schools, but also individuals who, for example, like Teran, received bar study loans or medical residency loans. Indeed, just like Teran, the plaintiff in *Crocker* also received a bar study loan.

A few months after filing the action, in February 2017, undersigned counsel filed a motion for preliminary injunction in *Crocker*, seeking to prevent Navient from continuing to collect on the loans during the pendency of the action. *Crocker*, Dkt. No. 100. Following a hearing, Navient agreed to the relief sought, and on April 11, 2017, the court entered an Agreed Order Regarding Voluntary Suspension of Collection Efforts. *Crocker*, Dkt. No. 122, Ex. A, attached as Ex. B to Burge Decl. Pursuant to the Agreed Order, Navient suspended all collection communications on all loans within the putative *Crocker* class. *Id.* at ¶ 1(iii). That Agreed Order remained in effect until final judgment was entered in the *Crocker* case on March 11, 2022. *Crocker*, Dkt. No. 367, attached as Ex. E to Burge Decl. In addition, undersigned counsel were named interim class counsel for the putative *Crocker* class on May 11, 2017, and Jason W. Burge was named interim lead counsel. *Crocker*, Dkt. No. 120, attached as Ex. C to Burge Decl. Accordingly, all the proposed Teran class members and Teran himself benefitted from the relief obtained in the *Crocker* case.

Navient later filed a summary judgment motion in the *Crocker* matter, which the bankruptcy court denied, and Navient took an interlocutory appeal. In that interlocutory appeal, the Fifth Circuit ruled in favor of the *Crocker* plaintiffs on the merits of their claims that Bankruptcy Code §523(a)(8)(A)(ii) did not render Navient's loans nondischargeable, but it

-3- Adversary No. 20-03075
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

Case: 20-03075    Doc# 76    Filed: 12/22/22    Entered: 12/23/22 09:33:15    Page 8 of 19

limited the jurisdictional scope of the class to the Southern District of Texas. *In re Crocker*, 941 F.3d 206 (5th Cir. 2019), *as revised* (Oct. 22, 2019).

Following the Fifth Circuit's ruling, undersigned counsel obtained Navient's agreement that the Agreed Order would continue to prevent collections against discharged debtors with private educational loans nationwide. Further, undersigned counsel filed a motion to hold Navient in contempt for accruing interest during the pendency of the Agreed Order. *Crocker*, Dkt. No. 309. In response, Navient agreed to be "permanently barred" from collecting any interest that accrued on any non-Title IV loan covered by the Agreed Order nationwide between April 11, 2017 and March 11, 2022. *Crocker*, Dkt. No. 339, attached as Ex. D to Burge Decl. Although the Agreed Order expired by its own terms on March 11, 2022, Navient's agreement not to collect on any accrued interest during that period is still in effect, another substantive benefit already conferred onto the proposed *Teran* class.

Ultimately, undersigned counsel were able to obtain a settlement in the *In re Crocker*, 941 F.3d 206 case in which all class members across the Fifth Circuit obtained complete recognition of their discharge on all loans at issue and damages equal to the return of 100% of all payments made post-discharge, together with credit repair and other relief. That settlement became final on March 11, 2022. *Crocker*, Dkt. No. 367, attached as Ex. E to Burge Decl.

**B.     The *Mazloom* Action Currently Seeks to Represent a Class Containing All Members of the Proposed *Teran* Class.**

After the Fifth Circuit's *Crocker* decision, undersigned counsel did not cease direct efforts to represent the members of the proposed *Teran* class. Believing that the Fifth Circuit had erred in questioning the viability of a national class in *Crocker*, undersigned counsel sought to reopen the bankruptcy of Stephanie Mazloom in the Northern District of New York on June 10, 2020. *In Re Mazloom*, Case No. 18-60206-DD (Bankr. N.D.N.Y), Dkt. No. 37. Upon re-opening, Mazloom filed a new putative nationwide class in the Northern District of New York on July 2, 2020, seeking to represent a class of all persons who received private educational loans from Navient, not for use to attend Title IV schools and who received a discharge in bankruptcy. *Mazloom v. Navient Solutions, LLC*, Adv. Pro. No. 20-80033-6 (Bankr. N.D.N.Y.) ("*Mazloom*"),

-4-     Adversary No. 20-03075
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

Dkt. No. 1, attached as Ex. F to Burge Decl. On March 9, 2021, Plaintiff Mazloom moved to certify a class consisting of:

> All persons who have received private loans from Defendants for attendance at non-Title IV institutions or programs; which are not made under any program funded in whole or in part by any non-profit, institution or government entity; who obtained bankruptcy discharge after April 1, 2005; who were subsequently subjected to Defendants' acts to collect on the loan; and who have not reaffirmed their loans.

*Mazloom*, Dkt. No. 37 at 5.

All the proposed *Teran* class members are members of this putative *Mazloom* class. The relief sought in the *Mazloom* complaint includes: 1) declaratory judgment that the loans at issue were discharged and injunctive relief preventing further collection; 2) sanctions for contempt due to violations of the statutory injunction; and 3) restitution of all payments made post-bankruptcy discharge on the subject loans. *Mazloom*, Dkt. No. 1, attached as Ex. F to Burge Decl.

The motion to certify the class in *Mazloom* has remained pending while the court considers cross-motions for summary judgment with regard to the Title IV status of the Caribbean medical school Mazloom attended and Navient's assertion that certain boilerplate language in her promissory note renders her loan nondischargeable.[1] In the meantime, before the *Crocker* Agreed Order expired, Mazloom moved for a preliminary injunction on March 9, 2021 to ensure that Navient would not resume collections on discharged debtors for non-Title IV loans nationwide. *Mazloom*, Dkt. No. 38. While the motion for a preliminary injunction was pending, the Agreed Order in *Crocker* expired. Mazloom therefore moved for a temporary restraining order on March 21, 2022. *Mazloom*, Dkt. No. 99, attached as Ex. G to Burge Decl. Just prior to the hearing on the motion, Navient agreed to continue the collection moratorium during the pendency of the *Mazloom* action. *Mazloom*, Dkt. No. 119, attached as Ex. H to Burge Decl. In addition to moving for a temporary restraining order, *Mazloom* counsel also moved to be named

---

[1] The *Mazloom* court rendered a decision on March 29, 2022, holding that Navient could not rely upon boilerplate language in its promissory note to bootstrap itself into § 523(a)(8). *Mazloom*, Dkt. No. 111. The decision applied reasoning similar to that used by this Court in its decision in *In re Teran*, 638 B.R. 620 (Bankr. N.D. Cal. 2022). After the court issued its decision, a new round of summary judgment motions were filed and are still pending. *See Mazloom*, Dkt. Nos. 138-156. Although Navient has challenged Mazloom's standing, contending that she attended a Title IV school (which she did not), another class member who clearly attended a non-Title IV institution has moved to be joined as a class representative. *Mazloom*, Dkt. Nos. 161-63.

-5-     Adversary No. 20-03075
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

Case: 20-03075    Doc# 76    Filed: 12/22/22    Entered: 12/23/22 09:33:15    Page 10 of 19

as interim class counsel for the purpose of advising the putative nationwide class that Navient had agreed to continue the collection moratorium. That motion was granted by Order dated July 20, 2022. *Mazloom*, Dkt. No. 130, attached as Ex. I to Burge Decl. Accordingly, no member of the proposed *Teran* class, including Teran himself, has been subject to any collection efforts on their loans at issue in this case since April 2017, nor has any member been subject to the collection or accrual of interest during that period. Further, if a class is certified in *Mazloom*, pursuant to the motion that has now been pending for over eighteen months, every member of the proposed *Teran* class, includingTeran, will be a member of that *Mazloom* class asserting the same claims raised here.

### C. Other Accomplishments of the *Mazloom* Counsel That Have Benefited the Proposed *Teran* Class.

In addition to pursuing the *Crocker* and *Mazloom* actions, undersigned counsel have successfully litigated issues involving these and other student loan borrowers benefitting the proposed *Teran* class in several courts of appeals defeating Navient's key claims for nondischargeability and its claim of entitlement to arbitration.[2] Counsel have also obtained several decisions in bankruptcy courts affirming the power of the bankruptcy court to certify a national class of individuals whose student loans were discharged in bankruptcy, rejecting creditors' motions to stay in favor of arbitration and ordering injunctive relief enjoining Navient from collecting on certain, other private student loans.[3]

Further, *Mazloom* counsel, on behalf of the putative class have taken over 15 depositions of Navient personnel, obtained and reviewed hundreds of thousands of pages of documents and

---

[2] *See Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*), 3 F.4th 595 (2d Cir. 2021) (rejecting Navient's reliance on § 523(a)(8)(A)(i) to claim nondischargeability); *McDaniel v. Navient Sols.* (*In re McDaniel*), 913 F.3d 1083 (10th Cir. 2020) (same); *In re Crocker*, 941 F.3d at 223-24 (same); *Henry v. Education Fin. Serv.* (*In re Henry*), 944 F.3d 587 (5th Cir. 2019) (holding that bankruptcy discharge-related claims should not be arbitrated).

[3] *In re Homaidan*, Adv. Pro No. 17-1085 (ESS), 2022 WL 10707498 (Bankr. E.D.N.Y. Oct. 17, 2022) (granting preliminary injunction for a national class); *In re Homaidan*, 640 B.R. 810 (Bankr. E.D.N.Y. 2022) (granting temporary restraining order for a national class); *Golden v. Discover Bank* (*In re Golden*), 630 B.R. 896 (Bankr. E.D.N.Y. 2021) (denying motion to strike national class); *In re Homaidan*, 596 B.R. 86 (Bankr. E.D.N.Y. 2019) (denying Navient's motion to dismiss), *aff'd*, 3 F. 4th 595 (2d Cir. 2021); *In re Homaidan*, 587 B.R. 428 (Bankr. E.D.N.Y. 2018) (denying Navient's motion to compel arbitration).

had several substantive mediations to potentially resolve the case on a nationwide basis, which would necessarily include the proposed *Teran* class.

### D. The *Teran* Action

On August 31, 2020, over four years after *Crocker* was filed, over three years after all collection activity ceased on his loan, and nearly two months after *Mazloom* was filed claiming to represent him as a class member, Oscar Teran filed the instant suit. He initially sought to represent a sub-class of the *Mazloom* action, consisting of only those members of the putative *Mazloom* class who received bankruptcy discharges in the Northern District of California.

On December 16, 2022, Teran filed a motion for class certification, now seeking to represent a nationwide class for the purpose of obtaining an injunction preventing further collections, but only a circuit-wide class for the purpose of restitution. Every member of the proposed *Teran* class is also a member of the *Mazloom* class, but as currently pled, Teran seeks less relief on behalf of class members outside of the Ninth Circuit than Mazloom does.

## III. ARGUMENT

### A. Permissive Intervention is Appropriate.

Pursuant to Fed. R. Civ. P. 24(b), this Court should permit intervention for the limited purpose of filing this Motion to Dismiss or, in the Alternative, Stay this Action pursuant to the first-to-file rule. Fed. R. Civ. P. 24(b) allows permissive intervention where (1) the motion is timely, (2) the proposed intervenors have "a claim or defense that shares with the main action a common question of law or fact," and (3) intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). Those requirements are met.

This Motion to Intervene is timely. In assessing whether a motion to intervene is timely, courts consider "the stage of the proceedings, the prejudice to existing parties, and the length of and reason for any delay." *Manier v. L'Oreal USA, Inc*, No. 2:16-CV-06886-ODW-KS, 2017 WL 59066, at *2 (C.D. Cal. Jan. 4, 2017) (citing *League of United Am. Citizens v. Wilson*, 131 F.2d 1297, 1308 (9th Cir. 1997)). Proposed intervenor filed this motion less than one week after *Teran*'s proposed class certification motion. Because proposed intervenor seeks the dismissal or, in the alternative, stay at the very initiation of the class certification process, there is minimal, if

-7- Adversary No. 20-03075
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

Case: 20-03075    Doc# 76    Filed: 12/22/22    Entered: 12/23/22 09:33:15    Page 12 of 19

any, prejudice to the parties.

Additionally, the *Teran* action involves the same defendants, the same putative nationwide class, and the same allegations as the first-filed *Mazloom* action. Accordingly, proposed intervenor clearly has claims that share "common question[s] of law or fact."

Permitting intervention will also not unduly delay or prejudice the parties' rights because the *Teran* putative class members are already proposed class members in the *Mazloom* action. Thus, even if the *Teran* action is dismissed or stayed, undersigned counsel in the *Mazloom* action will continue to represent the interests of the *Teran* plaintiffs. And, given the *Mazloom* class certification motion was filed over a year ago and cross-summary judgment motions are pending, the case is closer to resolution—favoring intervention for the limited purpose sought here—to apply the first-to-file rule and either dismiss or stay this action based on the same.

Proposed intervenor Mazloom's request for permissive intervention is timely and appropriate under applicable standards, and intervention is beneficial to determine whether this Court should apply the well-established first-to-file rule to promote judicial economy, prevent wastefulness and avoid risks inherent with ongoing identical, parallel actions.[4] The Court should grant this motion and permit intervention for the limited purpose of dismissing or staying this action in favor of the previously filed actions.

### B. This Action Should Be Dismissed Without Prejudice or Stayed Pursuant to the First-to-File Rule.

#### 1. The First-to-File Rule Applies to the *Teran* Action.

"Federal district courts generally attempt to avoid duplicative litigation and inconsistent judgments." *White*, 2022 WL 2489346, at *5 (citing *Colorado River Water Conservation Dist. v.*

---

[4] Even if this Court were to find that permissive intervention is inappropriate here, this Court can still consider a first-to-file claim. *See White v. Home Depot U.S.A., Inc.*, No. 22-CV-00276-AJB-AGS, 2022 WL 2489346, at *7 (S.D. Cal. July 6, 2022) (denying party's motion to intervene but granting same party's motion to stay under the first-to-file rule); *see also Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 258 n.1 (4th Cir. 2013) (noting that "the court was free to raise the issue of the first-to-file rule *sua sponte*."); *Guill v. All. Res. Partners, L.P.*, No. 16-CV-0424-NJR-DGW, 2017 WL 1132613 (S.D. Ill. Mar. 27, 2017) (denying, as moot, a party's motion to intervene to later seek a dismissal or stay of the later-filed class action and *sua sponte* staying the case, noting that although the proposed intervenor had not officially moved for a stay, "this is of no consequence as the Court may stay a case under the first-to-file rule *sua sponte*.").

*United States*, 424 U.S. 800, 817 (1976)). In order to effectuate this goal, the "first-to-file" rule is a doctrine of federal comity that provides that where the same issues are presented in separate lawsuits in front of different district courts, the first-filed case takes precedence over the later-filed case to avoid unnecessary interference and duplicative litigation. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95–96 (9th Cir. 1982); *Hypower, Inc. v. SunLink Corp.*, No. 14-CV-00740-TEH, 2014 WL 1618379, at *2–3 (N.D. Cal. Apr. 21, 2014) (providing that "[l]ong-recognized principles of comity counsel federal district courts in this situation to 'exercise care to avoid interference with each other's affairs.'" (citation omitted)). The first-to-file rule "reflects the common-sense proposition that 'when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit.'" *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1017 (N.D. Cal. 2020) (citation omitted).

The first-to-file rule should be applied based on the following three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Koehler v. Pepperidge Farm, Inc.*, No. 13-CV-02644-YGR, 2013 WL 4806895, at *2 (N.D. Cal. Sept. 9, 2013); *White*, 2022 WL 2489346, at *6. In such cases where a court invokes the first-to-file rule, the court may—"with a view to the dictates of sound judicial administration"—determine whether to dismiss, stay or transfer an action. *Pacesetter Systems, Inc.*, 678 F.2d at 95; *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008).

Deferring the later filed action has been the recognized rule in federal courts for decades in every Circuit. *See, e.g.*, *Pacesetter Systems, Inc.*, 678 F.2d at 95; *Great N. Ry. Co. v. Nat'l R.R. Adjustment Bd., First Div.*, 422 F.2d 1187, 1193 (7th Cir. 1970). The rule provides a legal presumption that the first-filed action is the correct forum for the controversy. *See Hansell v. TracFone Wireless, Inc.*, No. C-13-3440 EMC, 2013 WL 6155618, at *4 (N.D. Cal. Nov. 22, 2013) ("[t]he first-to-file rule creates a presumption that favors venue in this district."); *see also Penders v. SEGA of Am., Inc.*, 543 F. App'x 657 (9th Cir. 2013). Application of the rule should not be disregarded except in compelling circumstances. *Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979); *Balan v. Tesla Motors Inc.*, No. C19-67

-9-     Adversary No. 20-03075

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

MJP, 2022 WL 2192872, at *4 (W.D. Wash. June 16, 2022) (applying first-to-file rule to dismiss action); *Henry v. Home Depot U.S.A., Inc*, No. 14-CV-04858-JST, 2016 WL 4538365, at *5 (N.D. Cal. Aug. 31, 2016) (applying first-to-file rule to transfer action). Typically, the circumstances under which an exception to the first-to-file rule will be made include bad faith, anticipatory suit, and forum shopping. *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (citations omitted). None of those exceptions apply here.

### 2. The *Mazloom* action was first-filed.

The first factor in the first-filed analysis is straightforward—a court "need only find that the action in the would-be transferee district court was filed prior to the action in the would-be transferor district court."*Manier*, 2017 WL 59066, at *3. It is undisputed that the Mazloom action was filed first. Mazloom commenced her action on July 2, 2020. *See Mazloom*, Dkt. No. 1. Moreover, the *Mazloom* action was a continuation of the claims made in the *Crocker* action and was only brought after the Fifth Circuit rejected a national class in *Crocker*. The *Teran* case was filed more than four years after *Crocker* and more than a month after *Mazloom*. *Teran*, Adv. Pro. No. 20-03075, Dkt. No. 1 (Bankr. N.D. Cal. Aug. 31, 2020). This factor weighs in favor of applying the first-to-file rule.

### 3. There is Substantial Similarity Among the Parties.

Turning to the second factor, courts in the Ninth Circuit take a flexible approach when evaluating the similarity of the parties. "[E]xact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd.*, 544 F. Supp. 2d at 959 (citations omitted). In the class context, the proper inquiry is the similarity of classes in both actions, and not the class representatives. *Manier*, 2017 WL 59066, at *3.[5] Here, there is no question that the proposed class here is subsumed in

---

[5] The "widely accepted rule" is to compare the putative classes, not just the individual plaintiffs, even prior to class certification. *See, e.g.*, *Koehler*, 2013 WL 4806895, at *4; *Ruff v. Del Monte Corp.*, No. C 12-05251 JSW, 2013 WL 1435230, at *3 (N.D. Cal. Apr. 9, 2013) (finding substantial similarity among three putative class actions relating to product labeling); *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008); *Weinstein v. Metlife, Inc.*, No. C06-04444 SI, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006); *see also Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) ("In a collective action, the classes, and not the class

-10-    Adversary No. 20-03075
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

Case: 20-03075    Doc# 76    Filed: 12/22/22    Entered: 12/23/22 09:33:13    Page 15 of 19

the *Mazloom* class, as both actions assert identical claims seeking injunctive relief on behalf of a nationwide class of debtors who held private educational loans issued by Navient, who did not attend Title IV institutions, and whose debts were later discharged in bankruptcy. Teran also asserts a class that is a subset of the class in the *Mazloom* case for damages relief limited to the Ninth Circuit. "Where the proposed classes in both actions overlap, courts have held that the parties are substantially similar." *Manier*, 2017 WL 59066, at *3; *see also Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147-48 (E.D. Cal. 2010) (finding parties substantially similar where there was some overlap in proposed classes in both actions). Not only are the classes overlapping—they are in fact identical except that Teran seeks monetary relief only on behalf of a subset of the class—but the actions are against the very same defendants. The similarity of the parties requirement is met.

### 4. There is Substantial Similarity of Issues in the Two Actions.

The issues in both cases "need not be identical, only substantially similar." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240–41 (9th Cir. 2015). To determine whether two suits involve substantially similar issues, courts consider whether there is "substantial overlap" between the two suits. *Id.* at 1241; *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, No. C-11-1892 EMC, 2012 WL 3277222, at *3 (N.D. Cal. Aug. 9, 2012) ("[T]he requirement that the issues in both actions be 'substantially similar' is satisfied even where different claims are advanced in each action, so long as the 'key dispute' in each action is the same."); *Priddy v. Lane Bryant, Inc.*, No. 08-06889 MMM (CWX), 2008 WL 11410109, at *7 (C.D. Cal. Nov. 24, 2008) ("Although each case includes claims not found in the other . . . the issues in the two cases substantially overlap. This is all the first-to-file rule requires; it is not necessary that exactly parallel causes of action be alleged." (citing *Pacesetter Systems, Inc.*, 678 F.2d at 95)).

The *Mazloom* and *Teran* actions allege the exact same issues. Both actions challenge Navient's contention that its private educational loans to individuals who did not attend Title IV

---

representatives, are compared.") (citation omitted); *Hill v. Robert's Am. Gourmet Food, LLC*, No. 13-CV-00696-YGR, 2013 WL 3476801, at *6 (N.D. Cal. July 10, 2013).

schools are nondischargeable. Those loans are clearly dischargeable because they do not come within the terms of any of the provisions of 11 U.S.C. § 523(a)(8). In particular, (1) the loans are not funded or guaranteed by either a governmental entity or not-for-profit agency, § 523(a)(8)(A)(i); (2) the loans are not "an obligation to repay funds received as an educational benefit, scholarship or stipend," § 523(a)(8)(A)(ii); and (3) the loans are not qualified education loans under § 523(a)(8)(B) because the loans were not made to individuals who attended Title IV institutions. Not only are the issues identical in the two actions, but this Court and the *Mazloom* court have issued similar decisions regarding Navient's contention that the loans are nondischargeable because of purported governmental or nonprofit involvement. *Compare Mazloom v. Navient Solutions, LLC* (*In re Mazloom*), Adv. Pro. No. 20-80033-6, 2022 WL 950932 (Bankr. N.D.N.Y. March 29, 2022) *with Teran v. Navient Solutions, LLC* (*In re Teran*), 638 B.R. 620 (N.D. Cal. 2022).[6]

In cases such as this, where the key dispute is the same between the two actions, this element is easily met. *Kohn Law Group, Inc.*, 787 F.3d at 1241 ("Not only does the present case involve substantially similar issues as the Mississippi interpleader action, the present case involves *the issue* to be determined in the Mississippi interpleader action." (emphasis in original)); *Scott v. Golden State FC, LLC*, No. 21-CV-02147-HSG, 2021 WL 2987264, at *3 (N.D. Cal. July 15, 2021) (finding that the "central question" in both actions was the same as to all putative class members); *Nat'l Union Fire Ins. Co. of Pittsburgh*, 2012 WL 327222, at *4 (finding substantial similarity of issues between two suits where the "central question" in each suit involved whether or not the insurance umbrella policy covered losses incurred by defendants).

What matters to the Court's analysis is substantial similarity as to the central question in each case, and the fact that the actions may seek different remedies or recoveries is of no import. *See, e.g.*, *Scott*, 2021 WL 2987264, at *3 (finding substantial similarity among key issues in cases and noting that the fact that the remedy sought was not identical "does not alter this Court's

---

[6] Teran also seeks punitive damage relief under California law, but this claim clearly depends on the resolution of the underlying bankruptcy law issue which is identical in both cases. Once that issue is resolved in *Mazloom*, Teran may seek his relief under California law.

-12- Adversary No. 20-03075
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

Case: 20-03075    Doc# 76    Filed: 12/22/22    Entered: 12/23/22 09:33:13    Page 17 of 19

analysis due to the substantial similarity between the other issues."); *National Union Fire Ins. Co. of Pittsburgh, Pa.*, 2012 WL 3277222, at *4 (holding that because "the two actions 'differ only as to the remedy sought,' this Court concludes that the first-to-file rule is applicable") (citing *Pacesetter Systems, Inc.*, 678 F.2d at 95–96)).

Significantly, the *Crocker* and *Mazloom* cases have already obtained substantive relief for the proposed *Teran* class and Teran himself based on the overlapping issues that Teran asserts here. And, *Mazloom* and the prior-filed, duplicative class has already had several substantive mediations to potentially resolve the issues that are asserted in the *Teran* action.

### 5. Dismissal without Prejudice or a Stay is the Appropriate Remedy.

When the first-to-file rule is found applicable, the Court has the "power to transfer, stay or dismiss the case." *See Priddy*, 2008 WL 11410109, at *5. Dismissing the later-filed case without prejudice or providing a stay is the appropriate remedy here, where allowing the first-filed action to proceed has the potential to resolve many of the issues raised in the later-filed action. *See, e.g.*, *Penders*, 543 F. App'x at 658 (Ninth Circuit affirming district court's dismissal based on first-to-file rule); *Balan*, 2022 WL 2192872, at *4 (applying first-to-file rule to dismiss action); *Molander*, 473 F. Supp. 3d at 1020–21 (staying later-filed action pending resolution of first-filed action on the basis that the results of the first-filed action would likely "resolve many of the issues in" the later-filed action and that the "interests of judicial comity" warranted a stay); *see also Kohn Law Group, Inc.*, 787 F.3d at 1241 (granting motion to stay later-filed action where the first-filed action involved substantially similar parties and issues); *Scott*, 2021 WL 2987264, at *3 (granting motion to stay later-filed action after finding substantial similarity of the parties and the issues).

### 6. None of the Exceptions to the First-to-File Rule are Applicable Here.

As noted above, the first-to-file rule should be applied unless there are compelling circumstances otherwise. Such circumstances, such as cases of bad faith, anticipatory suit or forum shopping, are not present here. *See Alltrade, Inc.*, 946 F.2d at 628 (citations omitted). Application of the first-to-file rule and staying or dismissing the *Teran* action will promote judicial economy, prevent wastefulness, and avoid risks inherent with ongoing identical, parallel

-13- Adversary No. 20-03075
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

actions. This case should be dismissed without prejudice or stayed while the court in *Mazloom* considers the identical issues and considers whether or not to certify a national class that would include Plaintiff Teran and all of the individuals in his putative class.

## IV. CONCLUSION

For all the foregoing reasons, Stephanie Mazloom respectfully requests that this Court grant her motion to intervene and dismiss or, in the alternative, stay this proceeding pending class certification and a final determination in the *Mazloom* action.

Respectfully submitted,

Dated: December 22, 2022

**BOIES SCHILLER FLEXNER LLP**

By: _____
Sean Rodriguez
44 Montgomery Street, 41st Floor
San Francisco, CA 94104

George F. Carpinello
Adam R. Shaw
Jenna C. Smith
30 South Pearl Street, 11th Floor
Albany, NY 12207
(518) 434-0600

**JONES SWANSON HUDDELL LLC**
Lynn E. Swanson
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

**FISHMAN HAYGOOD LLP**
Jason W. Burge
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170