James A. Michel (SBN 184730)
THE LAW OFFICE OF JAMES MICHEL
2912 Diamond St. #373
San Francisco, CA 94131-3208
Tel:    (415) 239-4949
attyjmichel@gmail.com

Erika Angelos Heath (SBN 304683)
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel:    (628) 246-1352
Fax:    (215) 940-8000
eheath@consumerlawfirm.com

Attorneys for Plaintiff and the Proposed Classes

*Additional attorneys on signature page*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: OSCAR D. TERAN**, Debtor | **Bankruptcy No. 10-31718 DM** |
| | **Chapter 7** |
| **OSCAR D. TERAN**, on behalf of himself and all those similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION**,<br><br>*Defendants.* | **Adversary No. 20-03075**<br><br>**PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND TO DISMISS OR IN THE ALTERNATIVE TO STAY THIS ACTION PURSUANT TO THE FIRST-FILED RULE**<br><br>Date:        **Jan. 25, 2023**<br>Time:        **11:00 a.m.**<br>Location:    **Videoconference**<br><br>**Hon. Dennis Montali** |

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

I.      INTRODUCTION ................................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND........................................... 2

        A.      Oscar Teran's Bar Study Loan.................................................................. 2

        B.      The Various Class Actions Against Navient ........................................... 3

        C.      Mazloom's Counsel Has Been Aware of This Action for Years and Has Used Its
                Decisions to Support Her Case .................................................................. 5

III.    ARGUMENT .......................................................................................................... 7

        A.      Mazloom Does Not Meet the Requirements for Permissive Intervention ............. 7

                1.      The Motion to Intervene Is Untimely ........................................ 8

                2.      Intervention Would Prejudice the Parties' Rights ................... 12

                3.      The Court Has Discretion to Deny Intervention Even If Rule 24(b)'s
                        Requirements Were Satisfied, and Courts Often Exercise Such Discretion
                        Pre-Class Certification ................................................................ 14

        B.      The First-to-File Rule Does Not and Should Not Apply in This Context ............ 16

                1.      This Case Has Progressed Further Than the Mazloom Matter ................ 16

                2.      The Classes Here Overlap Only Minimally.................................. 18

                3.      Multiple Issues Distinguish This Action from the Mazloom Matter........ 19

                4.      Equity Compels the Denial of Mazloom's Motion.................................. 22

IV.     CONCLUSION........................................................................................................ 23

Case: 20-03075    Doc# 88    Filed: 01/11/23    Entered: 01/11/23 17:28:50    Page 2 of 30

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Alaniz v. Tillie Lewis Foods*,
    572 F.2d 657 (9th Cir. 1978) ................................................11

*Alltrade, Inc. v. Uniweld Prod., Inc.*,
    946 F.2d 622 (9th Cir. 1991) ..........................................16, 22

*American Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Acad.*,
    643 F.3d 1088 (8th Cir. 2011) ...........................................9, 11

*Anderson v. Credit One Bank, N.A. (In re Anderson)*,
    884 F.3d 382 (2d Cir. 2018)................................................3, 14

*Attix v. Carrington Mortg. Servs., LLC*,
    2020 WL 9849821 (S.D. Fla. Oct. 13, 2020)..................11, 12, 15

*Belton v. GE Capital Retail Bank (In re Belton)*,
    961 F.3d 612 (2d Cir. 2020)...................................................14

*Bolt v. Navient Solutions et al.*,
    Adv. Pro. No. 20-03040 (AMN) (Bankr. D. Conn.) ...................4

*Bui v. Sprint Corp.*,
    2015 WL 3828424 (E.D. Ca. June 19, 2015) ............................13

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
    309 F.3d 1113 (9th Cir.2002) ..................................................9

*Cal. Dep't of Toxic Substances Control v. World Cleaners, Inc.*,
    2017 WL 4769439 (C.D. Cal. 2017)..........................................9

*Calderon v. Clearview AI, Inc.*,
    2020 WL 2792979 (S.D.N.Y. May 29, 2020) .................12, 15, 16

*Capitol Records, Inc. v. Optical Recording Corp.*,
    810 F. Supp. 1350 (S.D.N.Y. 1992)..........................................18

*In re Christoff*,
    527 B.R. 624 (B.A.P. 9th Cir. 2015).........................................20

*In re Crocker*,
    941 F.3d 206 (5th Cir. 2019) ........................................ *passim*

Case: 20-03075   Doc# 88   Filed: 01/11/23   Entered: 01/11/23 17:28:50   Page 3 of 30

*County of Orange v. Air California,*
    799 F.2d 535, 537 (9th Cir. 1986) .................................................................... 8

*Coyle v. Navient Solutions, LLC,*
    Adv. Pro. 22-80018-JTG (Bankr. W.D. Mich.) .......................................... 4, 20

*Donnelly v. Glickman,*
    159 F.3d 405 (9th Cir. 1998) ................................................................... 15

*Echard v. Wells Fargo Bank N.A.,*
    2022 WL 1210321 (S.D. Ohio Apr. 25, 2022) .......................................... 13

*Fed. Trade Comm'n v. Noland,*
    2021 WL 1237206 (D. Ariz. Apr. 2, 2021) ................................................. 11

*Fed. Trade Comm'n v. Noland,*
    2021 WL 3290461 (D. Ariz. Aug. 2, 2021) ................................................. 9

*Glover v. Ferrero USA, Inc.,*
    2011 WL 5007805 (D.N.J. Oct. 20, 2011) ................................................. 13

*Hernandez v. Pennsylvania Tool Sales & Serv., Inc.,*
    2020 WL 7181067 (S.D. Cal. Dec. 7, 2020) ............................................... 9

*High Sierra Hikers Ass'n v. U.S. Dep't of the Interior,*
    2012 WL 1949153 (N.D. Cal. May 29, 2012) ............................................. 9

*Homaidan v. Sallie Mae, Inc.,*
    3 F.4th 595 (2d Cir. 2021) ....................................................................... 20

*Homaidan v. Sallie Mae, Inc.,*
    640 B.R. 810 (Bankr. E.D.N.Y. 2022) ....................................................... 20

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.,*
    544 F. Supp. 2d 949 (N.D. Cal. 2008) ....................................................... 18

*Izzio v. Century Partners Golf Mgmt., L.P.,*
    2015 WL 5472845 (N.D. Tex. Sept. 15, 2015) .......................................... 15

*Kamerman v. Steinberg,*
    681 F. Supp. 206 (S.D.N.Y. 1988) ............................................................ 13

*Kukui Gardens Corp. v. Holco Cap. Grp., Inc.,*
    261 F.R.D. 523 (D. Haw. 2009) ............................................................ 9, 11

*Landis v. N. Am. Co.,*
    299 U.S. 248 (1936) ................................................................................. 16

iv

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997) ............................................................7, 8

*Manier v. L'Oreal USA, Inc.*,
2017 WL 59066 (C.D. Cal. Jan. 4, 2017) ...............................8, 11, 13

*Mazloom v. Navient Solutions, Inc.*,
Adv. Pro. No. 20-80033 (DD) (Bankr. N.D.N.Y.) ........................ *passim*

*McDaniel v. Navient Solutions, LLC*,
Adv. Proc. No. 17-01274 (KHT) (Bankr. D. Colo. July 12, 2017) ........................22

*McIver v. KW Real Est./Akron Co., LLC*,
2016 WL 8230634 (C.D. Cal. June 15, 2016) ...............................10

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*,
2012 WL 3277222 (N.D. Cal. Aug. 9, 2012) ...............................17, 18

*In re Navient Sols., LLC*,
625 B.R. 801 (Bankr. S.D.N.Y. 2021)............................................6, 22

*In re: Navient*,
No. 21-10249-mg, ECF 74 (Bankr. S.D.N.Y. May 11, 2021).................5

*Pacesetter Systems, Inc. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982) ............................................................16

*Pedro v. Millennium Prods, Inc.*,
2016 WL 3029681 (N.D. Cal. May 27, 2016) ...............................18

*In re Petrobras Sec.*,
862 F.3d 250 (2d Cir. 2017)............................................................18

*Purcell v. BankAtlantic Fin. Corp.*,
85 F.3d 1508 (11th Cir. 1996) ......................................................15

*S. Cal. Edison Co. v. Lynch*,
307 F.3d 794 (9th Cir. 2002) ........................................................15

*Smith v. Marsh*,
194 F.3d 1045 (9th Cir. 1999) ......................................................11

*Spangler v. Pasadena City Bd. of Educ.*,
552 F.2d 1326 (9th Cir. 1977) ......................................................13

*In re Teran*,
638 B.R. 620 (Bankr. N.D. Cal. 2022) .................................... *passim*

Case: 20-03075   Doc# 88   Filed: 01/11/23   Entered: 01/11/23 17:28:50   Page 5 of 30

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   267 F.R.D. 583 (N.D. Cal. 2010) .......................................................17

*Torres v. Mercer Canyons, Inc.*,
   835 F.3d 1125 (9th Cir. 2016) .........................................................17

*Travis v. Navient Corp.*,
   284 F. Supp. 3d 335 (E.D.N.Y. 2018) .........................................12, 13

*U.S. E.E.O.C. v. ABM Indus. Inc.*,
   No. 1:07-CV-01428 ..........................................................................11

*U.S. Postal Serv. v. Brennan*,
   579 F.2d 188 (2d Cir. 1978)..............................................................12

*Webb v. Dr Pepper Snapple Grp., Inc.*,
   2018 WL 1990509 (W.D. Mo. Apr. 26, 2018) .......................11, 13, 14

*Wimbledon Fund, SPC (Class TT) v. Graybox, L.L.C.*,
   2016 WL 4267943 (C.D. Cal. Aug. 11, 2016)...................................9, 11

*Woodard v. Navient Solutions, LLC*,
   Adv. Pro. 21-08023-TLS (Bankr. D. Neb.) ....................................... 4, 20

**Statutes**

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005....................................................2

CAL. CIV. CODE § 1785.25(g) .............................................................21

CAL. CIV. CODE § 1785.31(a)(2) .........................................................21

California Consumer Credit Reporting Agencies Act ........................................ *passim*

**Federal Rules**

Fed. R. Bankr. P. 7024..........................................................................1, 7

Fed. R. Civ. P. 23 ....................................................................................17

Fed. R. Civ. P. 24 ................................................................................7, 15

Fed. R. Civ. P. 24(a) ............................................................................7, 8

Fed. R. Civ. P. 24(b) ........................................................................ *passim*

Fed. R. Civ. P. 24(b)(1)..........................................................................14

# I.  **INTRODUCTION**

This Court should deny proposed-intervenor Stephanie Mazloom's recently filed motion. ECF 75.

As a threshold matter, Mazloom, a plaintiff in a Northern District of New York action, does not meet the requirements of permissive intervention under Fed. R. Civ. P. 24(b), as applied here through Fed. R. Bankr. P. 7024. She seeks to enter and make arguments in this case some 28 months after its initiation. Mazloom's motion is untimely under Rule 24(b). The motion would also cause significant prejudice to the litigants here – none of whom supports this intervention – and to Mr. Teran specifically, who filed his bankruptcy and had it discharged by this Court in 2010. Mazloom glosses over the requirements of permissive intervention and assumes that she should be heard by this Court, but she utterly fails to satisfy even the threshold requirements of Rule 24(b). A plaintiff in one case cannot just intervene in another plaintiff's case because her counsel thinks he might do better.

Even if this Court were inclined to allow Mazloom to intervene and to hear her arguments, it should decline to dismiss or stay this action pursuant to the first-to-file rule. The Defendants in this action have not invoked the first-to-file rule, even though the rule is intended to protect defendants, not other plaintiffs, from inefficiencies caused by duplicative litigation. Indeed, they have even filed a brief critical of Mazloom's position. *See* ECF 86. Although Defendants are facing and have faced multiple class actions over their post-bankruptcy collection practices, the various cases have not been consolidated, nor have Defendants even attempted, despite years of litigation, to suggest that a "first-filed" case subsumes any other. That is so because the cases are materially different. Mazloom's New York case has no claims under the California CCRAA, unlike Teran's case here. Nor are the class definitions between the two cases the same. Nor can Mazloom obtain a retrospective monetary recovery for the Ninth Circuit and California classes that Teran seeks to represent. Although there may be some (although not total) overlap in the prospective relief sought, that is not a proper basis to dismiss or stay Teran's case.

1

For all of these reasons, discussed more fully below, proposed-intervenor Stephanie Mazloom's motion should be denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Oscar Teran's Bar Study Loan

On or about February 13, 2008, Mr. Teran obtained a Bar Study Loan from Sallie Mae Bank (the "Bar Study Loan") in order to pay for expenses associated with studying for the Texas Bar Examination. This loan was ultimately assigned to Defendant Navient Credit Finance Corporation, and has been serviced by Defendant Navient, LLC (collectively "Navient"). Compl., ¶¶ 24-25.

In May 2010, Mr. Teran filed a petition for Chapter 7 bankruptcy in this Court, Case No. 10-31718. He listed the Bar Study Loan in Schedule F of his bankruptcy petition, in the amount of $15,752.00. *Id*., at ¶¶ 26-27. Although Defendants received notice of this bankruptcy petition, they did not file an adversary proceeding contesting the dischargeability of the Bar Study Loan; nor did Mr. Teran reaffirm the debt. *Id*., at ¶¶ 28-29, 35. Mr. Teran obtained his bankruptcy discharge on August 17, 2010. The Bar Study Loan was not excepted from discharge because it does not fall within the scope of section 523(a)(8). *Id*., at ¶¶ 30-33.

After Mr. Teran's discharge, Defendants continued to seek to collect the debt as if it had not been discharged. For example, they sent regular billing statements to Mr. Teran seeking payment, and they even reported the debt to the credit bureaus. *Id*., at ¶¶ 36-38. Based on Defendants' misleading course of conduct, including its credit reporting activities, Mr. Teran continued to make payments on this debt, believing Defendants' false and misleading statements that the loan had not been discharged. *Id*., at ¶¶ 36, 41, 52-54, 76, 96.

Defendants have no objectively reasonable basis for concluding that loans such as the Bar Study Loan were nondischargeable. *Id*., at ¶¶ 18, 77. Yet, ever since the enactment of BAPCPA, they have consistently acted as if such loans survived the bankruptcy discharge. As a result,

2

Defendants have taken advantage of countless consumer bankruptcy debtors and misled them into making payments on discharged debts. *Id.*, at ¶¶ 12-14, 19-20.

**B.      The Various Class Actions Against Navient**

Mr. Teran is not the only consumer who has faced such conduct by Navient. Most notably, on August 5, 2016, an adversary proceeding was filed against Navient in the Southern District of Texas (*In re Crocker*), alleging on behalf of a putative nationwide class that Navient has been violating the bankruptcy discharge by collecting on discharged loans made to cover non-Title IV expenses. (*See* Declaration of Jason W. Burge in Support of Motion to Intervene and to Dismiss or, in the Alternative, to Stay this Action Pursuant to the First-to-File Rule, ECF No. 78 ("Burge Decl."), Ex. A.)

On October 21, 2019, the Fifth Circuit found that the bankruptcy court could not enforce the discharge orders of other bankruptcy courts. In so holding, the panel expressly adopted the Second Circuit's decision in *Anderson v. Credit One Bank, N.A., (In re Anderson)*, 884 F.3d 382, 390–91 (2d Cir. 2018). *In re Crocker*, 941 F.3d 206, 216 (5th Cir. 2019), as revised (Oct. 22, 2019). Although the Fifth Circuit did not address the extent a class could be certified covering more than a single judicial district, it found it "dubious" that the nationwide class sought by *Crocker* could be certified. *Id.*, at 217. Although the Fifth Circuit decision left nationwide certification "dubious," it left the door open for a circuit-wide class.  In fact, the *Crocker* case itself was certified for settlement purposes on remand covering a class of Fifth Circuit debtors. (Burge Decl., Ex. E; Request for Judicial Notice in Opposition to Stephanie Mazloom's Motion to Intervene and to Dismiss or, in the Alternative, to Stay this Action Pursuant to the First-to-File Rule ("RJN"), Ex. 7, at ¶ 1.28 (defining "Discharged Borrower" as all covered borrowers within the Fifth Circuit).)

After the commencement of *Crocker*, and especially after the Fifth Circuit's decision, multiple other cases were filed against Navient for its post-bankruptcy conduct in various judicial districts, including:

- *Homaidan et al. v. Sallie Mae, Inc*., et al., Adv. Pro. No. 17-01085 (ESS) (Bankr. E.D.N.Y.), filed June 23, 2017, putative nationwide class action for discharge violations regarding educational debt at Title IV institutions in excess of the cost of attendance;

- *Mazloom v. Navient Solutions, Inc*., Adv. Pro. No. 20-80033 (DD) (Bankr. N.D.N.Y.), filed July 2, 2020, putative nationwide class action alleging discharge violations for educational debt at non-Title IV institutions;

- *Teran*, filed in this Court on August 31, 2020, alleging discharge violations for educational debt at non-Title IV institutions, as well as state law claims under the Consumer Credit Reporting Agencies Act (CCRAA); and

- *Bolt v. Navient Solutions et al.*, Adv. Pro. No. 20-03040 (AMN) (Bankr. D. Conn.), filed Sept. 8, 2020, putative districtwide class action alleging discharge violations for educational debt at non-Title IV institutions.

- *Coyle v. Navient Solutions, LLC*, Adv. Pro. 22-80018-JTG (Bankr. W.D. Mich.), filed March 4, 2022, putative circuit-wide (Sixth Circuit) class action alleging discharge violations for educational debt at non-Title IV institutions.

- *Woodard v. Navient Solutions, LLC*, Adv. Pro. 21-08023-TLS (Bankr. D. Neb.), filed December 9, 2021, putative circuit-wide (Eighth Circuit) class action alleging discharge violations for educational debt at non-Title IV institutions.

At no point has Navient sought to consolidate any of these actions, or otherwise stay them under the first-to-file rule. On the contrary, Navient has filed a brief outlining several weaknesses in Mazloom's motion. (ECF 86.) Further, as highlighted in Navient's brief, Mazloom's counsel has continued to press for circuit-wide class certification in *Coyle* and *Woodward*, both of which were filed after *Teran/Mazloom*. (ECF 86, at 6.) Mazloom does not seek to dismiss or stay those cases.

4

This case is particularly far along. Since its filing, the Court has entertained a motion to dismiss and/or compel arbitration, there have been multiple case management conferences, class discovery has been completed, and the parties are now in the midst of class certification briefing involving a proposed class of debtors that does not even encompass Mazloom. The class certification hearing is currently scheduled for next month. Further, and perhaps most notably, approximately one year ago, this Court has already ruled on a summary judgment motion, which has not only become a published decision, *see In re Teran*, 638 B.R. 620 (Bankr. N.D. Cal. 2022), but as discussed below, has been used as precedent for Mazloom on multiple occasions in her case.

By contrast, as of the date of this briefing, there has not been an order on the pending summary judgment motions in the *Mazloom* matter, nor has a class certification briefing schedule even been set. In fact, as Navient points out, "this case is more advanced procedurally with respect to the issue of class certification than the Mazloom case." (ECF 86, at 6.) As Navient further points out, although Mazloom's counsel was appointed interim class counsel, that appointment was quite "limited" in nature. (ECF 86, 5-6.)

### C. Mazloom's Counsel Has Been Aware of This Action for Years and Has Used Its Decisions to Support Her Case

Mazloom's counsel has known for quite some time that this action has been pending, and in fact, has repeatedly presented this Court's rulings as precedent to the Bankruptcy Court in the Northern District of New York.

First, shortly after this matter was filed, on November 6, 2020, the undersigned counsel emailed Jason Burge (Mazloom's counsel) to alert him that a "similar class action" to *Crocker* had been filed in this Court, and to propose coordinating on the cases. (Declaration of Erika A. Heath in Opposition to Stephanie Mazloom's Motion to Intervene and to Dismiss or, in the Alternative, to Stay this Action Pursuant to the First-to-File Rule ("Heath Decl."), ¶ 3, Ex. 1.) No response was received from Mr. Burge at the time.

Case: 20-03075   Doc# 88   Filed: 01/11/23   Entered: 01/11/23 17:28:50   Page 11 of 30

On February 8, 2021, Mazloom's co-counsel, Austin Smith, filed an involuntary Chapter 11 petition against Navient in the Southern District of New York. (RJN, Ex. 4.) In Navient's motion to dismiss the involuntary petition, which was filed on February 17, 2021, and served on Mr. Smith (counsel for Mazloom) through ECF, Navient specifically referenced *Teran*, alongside the *Mazloom* case, as both being "class action alleging discharge violations for educational debt at non-Title IV institutions." (*Id*., Ex. 5.) On February 25, 2021, the bankruptcy court granted Navient's motion to dismiss the involuntary petition, and then subsequently elaborated on its findings of fact and legal conclusions in a detailed written opinion, which also cited *Mazloom* and *Teran* as "putative class actions [] currently pending against Navient, alleging that Navient has collected on private student loans that were discharged in the borrowers' bankruptcy proceedings." *In re Navient Sols., LLC*, 625 B.R. 801, 809–10 (Bankr. S.D.N.Y. 2021). Mr. Smith withdrew as counsel in the Mazloom matter on March 1, 2021, (RJN, Ex. 6,) and was subsequently sanctioned for filing the involuntary petition against Navient, *see In re: Navient*, No. No. 21-10249-mg, ECF 74 (Bankr. S.D.N.Y. May 11, 2021).

On August 4, 2021, the same counsel that represents Mazloom settled *Crocker* on a classwide basis for all consumers within the Fifth Circuit. The *Crocker* settlement agreement acknowledged that similar class actions were pending outside of the Fifth Circuit, and that "[s]ome (but not all) of those borrowers are represented by [*Crocker*] Class Counsel." (RJN, Ex. 7, at ¶ 17.1.) This provision was a clear reference to the *Teran* matter because, of the various class actions against Navient on this issue (listed above), this case is the only one where the borrower is represented by different counsel.

On February 28, 2022, promptly after this Court's summary judgment order, Mazloom submitted a letter of supplemental authority, alerting the Bankruptcy Court of the Northern District of New York about this Court's summary judgment decision, and attaching a copy of the decision. (RJN, Ex. 8.) This Court's summary judgment decision, which Mazlom submitted to the bankruptcy court, made clear that "Teran initiated the above-captioned adversary proceeding on

behalf of himself and a proposed class of similarly situated debtors against Navient." (*See id*.; *see also* ECF 58, at p. 2.) In Mazloom's letter to the bankruptcy court, Mazloom clarified the many factual similarities between that case and *Teran*. (RJN, Ex. 8.) Not much later, on March 21, 2022, Mazloom again extensively relied on this court's recent Summary Judgment order to reject some of the arguments made by Navient. (Burge Decl., Ex. H, at PDF pp. 99-100.)

On July 20, 2022, plaintiff's counsel contacted Mazloom's counsel, George Carpinello, whose firm sent out an invite to discuss coordinating *Teran* with the other Navient cases. (Declaration of James A. Francis in Opposition to Stephanie Mazloom's Motion to Intervene and to Dismiss or, in the Alternative, to Stay this Action Pursuant to the First-to-File Rule ("Francis Decl."), ¶ 2, Ex. 2.) On August 17, 2022, a conference call was held with Mr. Carpinello to discuss the possibility of such coordination, either formally or informally. (*See id*., at ¶¶ 3-5, Ex. 3.) In the call, Mr. Carpinello explained he was confident about certifying a nationwide class, but he would discuss the possibility with his team. Nothing further was heard from Mr. Carpinello until he called counsel on December 22, 2022, to indicate that he would be filing this motion. (Id., at ¶¶ 5-6.)

On October 18, 2022, Mazloom filed an opposition to Navient's summary judgment motion in that case. (RJN, Ex. 9.) In the opposition, Mazloom again relied multiple times on this Court's summary judgment decision. (*See id*., at PDF pp. 9-10.)

## III.   ARGUMENT

### A.   Mazloom Does Not Meet the Requirements for Permissive Intervention

Mazloom cannot seek relief from this court unless her intervention in this action is proper in the first place. Notably, Mazloom does not seek to intervene in this matter as of right (nor could she meet those requirements), but she only seeks to intervene permissively under Fed. R. Civ. P. 24(b) (incorporated by Fed. R. Bankr. P. 7024). Under that provision, permissive intervention is only allowed where the motion is timely, there is a "claim or defense that shares with the main action a common question of law or fact," and where intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1), (3).

Mazloom's motion pays little attention to these requirements under Rule 24(b), which is remarkable considering her high burden in establishing that her counsel should be permitted to enter and commandeer this litigation at this stage and in this manner. In any event, Mazloom's motion falls far short of at least two of these requirements.

### 1. *The Motion to Intervene Is Untimely*

By any measure of timeliness, Mazloom's motion is far too late for permissive intervention to be appropriate under Ninth Circuit precedent.

"In determining whether a motion for intervention is timely, [the Ninth Circuit] consider[s] three factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997), quoting *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986). Any "substantial lapse of time weighs heavily against intervention." *Id.* (motion to intervene as of right under Rule 24(a) was untimely because intervenor waited 27 months after commencement of action to file Rule 24 motion).

This timeliness question is especially important when a party such as Mazloom only seeks *permissive* intervention under Rule 24(b). As her own authority recognizes, "[w]hen the intervention sought is permissive, timeliness should be analyzed strictly." *Manier v. L'Oreal USA, Inc.*, No. 2:16-CV-06886-ODW-KS, 2017 WL 59066, at *2 (C.D. Cal. Jan. 4, 2017); *see also Wilson*, 131 F.3d at 1308 ("In the context of permissive intervention, however, we analyze the timeliness element more strictly than we do with intervention as of right.").

The first timeliness factor weighs heavily against intervention, as the instant proceedings are quite far along. The Ninth Circuit has recognized that permissive intervention in a putative class action may be appropriate in the initial stages of that litigation, but certainly not after substantial discovery and summary judgment decisions. As the *Wilson* Court contrasted those two scenarios:

> Obviously, the situation presented to us today is not even remotely comparable to the situation presented in *Northwest Forest Resource*,

8

> 82 F.3d at 836–37, in which the court permitted the intervention of a non-party that moved to intervene less than a week after the original complaint was filed, before the defendants had answered, and before any substantive proceedings had taken place. In stark contrast, by the time ACNFARI got around to attempting to intervene, the district court and the original parties had covered a lot of legal ground together, and the mere fact that the first trial witness had not yet been sworn cannot, and does not, change that. We believe that the fact that the district court has substantively—and substantially—engaged the issues in this case weighs heavily against allowing intervention as of right under Rule 24(a)(2).

*Wilson*, 131 F.3d at 1303;[1] *see also American Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1094-95 (8th Cir. 2011) (the Eighth Circuit found the district court did not abuse its discretion in finding a motion to intervene was untimely where, in addition to other factors, the original parties had engaged in significant motion practice, commenced written discovery, and begun taking depositions); *Hernandez v. Pennsylvania Tool Sales & Serv., Inc.*, No. 17-CV-2027-W (KSC), 2020 WL 7181067, at *2 (S.D. Cal. Dec. 7, 2020) (even without significant motion practice, intervention untimely when case had gone through two years of discovery); *Fed. Trade Comm'n v. Noland*, No. CV-20-00047-PHX-DWL, 2021 WL 3290461, at *4 (D. Ariz. Aug. 2, 2021) (untimely in light of pending summary judgment motion); *Wimbledon Fund, SPC (Class TT) v. Graybox, L.L.C.*, No. 215CV06633CASAJWX, 2016 WL 4267943, at *2 (C.D. Cal. Aug. 11, 2016) (motion to intervene untimely after multiple motions to dismiss and other case activity); *High Sierra Hikers Ass'n v. U.S. Dep't of the Interior*, No. C 09-04621 RS, 2012 WL 1949153, at *1 (N.D. Cal. May 29, 2012) ("The fact that litigation has progressed far beyond the pleadings stages and that the court has delved significantly into the substantive issues of this case supports denying applicants' motion.").

This line of authority keeps in mind that "[a]n applicant who knows that its interests might be adversely affected, but does not intervene immediately, risks losing the opportunity to intervene at all." *Kukui Gardens Corp. v. Holco Cap. Grp., Inc.*, 261 F.R.D. 523, 530 (D. Haw. 2009); *see*

---

[1] Although this particular quote references intervention as of right under Rule 24(a), the *Wilson* Court later applies even stricter timeliness standards to permissive intervention under Rule 24(b). *See Wilson*, 131 F.3d at 1308.

9

*also Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir.2002) (proposed intervenor "should have known that the risks of waiting included possible denial of their motions to intervene as untimely"); *Cal. Dep't of Toxic Substances Control v. World Cleaners, Inc.*, 2017 WL 4769439, *1 (C.D. Cal. 2017) ("[T]he issue was only brought to the Court's attention . . . after discovery had closed[.] A potential intervenor is not allowed to sit on its rights for the entire litigation to see how things turn out and then move at the late stages of the case for a 'do-over.'").

Similarly, this case has been pending for approximately two-and-a-half years. The Defendants have filed an Answer, there has been a motion to dismiss, multiple case management conferences, the Court has ruled on a summary judgment motion, class discovery has been completed, and the case is now in the midst of class certification briefing, with a hearing scheduled for next month. Notably, recent briefing in the *Mazloom* case relies on this Court's summary judgment order as a precedent to be applied in that case. (RJN, Ex. 9.) This case is plainly further along than the *Mazloom* matter.

The amount of resources expended by the Court and the litigants in this action is also important to the second factor, as it illustrates the prejudice arising from the timing of Mazloom's motions. The parties have devoted extensive resources to years of discovery, and the Court has devoted resources to its resolution of substantive issues. To permit intervention at this late date would prejudice the parties in light of the extensive resources expended on this important case. *See McIver v. KW Real Est./Akron Co., LLC*, No. 810ML02151JVSFMOX, 2016 WL 8230634, at *3 (C.D. Cal. June 15, 2016) (the timing of the motion to intervene was prejudicial to the litigants in light of the extensive discovery that had taken place).

In addition to the advanced stage of these proceedings, the length of the delay in Mazloom's motion is substantial, and illustrates an untimely motion under the third factor. Mazloom fails to recognize that delay at all, let alone explain why she waited so long, as required by Rule 24(b). Applying the strict timeliness rules under Rule 24(b), courts have found motions for permissive

10

intervention untimely when filed in as little as four months after the proposed intervenor learned of the suit. *See Webb v. Dr Pepper Snapple Grp., Inc.*, No. 4:17-00624-CV-RK, 2018 WL 1990509, at *3 (W.D. Mo. Apr. 26, 2018) (waiting approximately four months to intervene considered untimely); *see also American Civil Liberties Union of Minnesota*, 643 F.3d at 1094 ("The court observed that even though the parents knew of the suit from its inception, they filed their motion to intervene fourteen months after the ACLU filed suit and more than a month after the deadline to add parties."); *Attix v. Carrington Mortg. Servs., LLC*, No. 1:20-CV-22183-UU, 2020 WL 9849821, at *3 (S.D. Fla. Oct. 13, 2020) ("The Proposed Intervenors' counsel has been aware of this action for months, and even attempted to coordinate their opposition to Carrington's motion to compel in the Dawkins action with Attix's counsel in July 2020."); *U.S. E.E.O.C. v. ABM Indus. Inc.*, No. 1:07-CV-01428 LJOJLT, 2010 WL 744714, at *3 (E.D. Cal. Mar. 3, 2010) (29 months after commencement of action); *Kukui Gardens*, 261 F.R.D. at 529 (16 months); *Fed. Trade Comm'n v. Noland*, No. CV-20-00047-PHX-DWL, 2021 WL 1237206, at *4 (D. Ariz. Apr. 2, 2021), appeal dismissed, No. 21-15767, 2021 WL 3176107 (9th Cir. July 23, 2021) (13 months); *Wimbledon Fund*, 2016 WL 4267943, at *2 (11 months); *Smith v. Marsh*, 194 F.3d 1045, 1050-53 (9th Cir. 1999) (15 months); *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978) (2.5 years).

These timelines are in stark contrast to the case relied upon by Mazloom, where intervention was considered timely one month after the complaint was filed, "no dispositive motions were filed, and the case did not progress in any significant way." *Manier*, 2017 WL 59066, at *2. Mazloom's bald assertion that the motion is timely simply because it was filed "less than one week after Teran's proposed class certification motion," (ECF 76, Mazloom's MPA, at 7) ignores the meaning of timeliness in the Ninth Circuit, even under the standard set forth in *Manier*.

To be clear, the proposed intervenor here has filed an untimely motion by any measure. Counsel for plaintiff emailed Jason Burge on November 6, 2020 (over two years ago), alerting Mazloom's counsel of the pendency of this action and its similarity to the *Crocker* litigation.

11

(Heath Decl., ¶ 3, Ex. 1.) This case was repeatedly cited to Mazloom's then-counsel, Austin Smith, when he filed an involuntary bankruptcy petition against Navient. (RJN, Ex. 5.) The pendency of the case was referenced in the *Crocker* settlement agreement, filed on August 4, 2021. (*Id.*, Ex. 7 at ¶ 17.1.) Mazloom cited this Court's summary judgment decision as supplemental authority on February 28, 2022, and again later to reject some arguments made by Navient. (*Id.*, Ex. 8; Burge Decl., Ex. H, at PDF pp. 99-100.) On July 20, 2022, plaintiff's counsel contacted Mazloom's co-counsel, George Carpinello, who then scheduled a conference call on August 17, 2022 to discuss the possibility of coordinating the two actions. (Francis Decl., ¶¶ 2-5.) On October 18, 2022, Mazloom relied upon this Court's summary judgment decision again in her own case, in the context of her much-later summary judgment proceedings. (RJN, Ex. 9.) In short, Mazloom's counsel has known about *Teran* for years, and clearly knew about the action during the conference call held with Teran's counsel in August 2022. Nevertheless, Mazloom took no action until after the class certification motion had been filed.

### 2. *Intervention Would Prejudice the Parties' Rights*

The litigants' rights here would be prejudiced significantly were Mazloom permitted to intervene; not a single party in this action supports Mazloom's requested intervention for purposes of disposing of this case.

As recognized in other class litigation against Navient, prejudice is the "principal consideration" in deciding a Rule 24(b) motion. *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 346–47 (E.D.N.Y. 2018), citing *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).

It is well-recognized that "intervention solely for the purpose of commandeering an existing action and staying it in favor of litigation of a parallel case in another forum unduly and impermissibly prejudice[s] the parties in the later-filed action." *Attix*, 2020 WL 9849821, at *3. As a result, courts routinely decline requests to intervene when the purpose of intervention is to dismiss or stay proceedings in favor of an earlier case. *See Bui v. Sprint Corp.*, 2015 WL 3828424 (E.D. Ca. June 19, 2015) (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329

(9th Cir. 1977)); *see also Webb*, 2018 WL 1990509, at *4 ("the Court finds merit in Plaintiff's concern that Proposed Intervenors do not seek to litigate and only seek intervention to stay, transfer, or dismiss the Webb action"); *Glover v. Ferrero USA, Inc*., 2011 U.S. Dist. LEXIS 121352, at *21, 2011 WL 5007805 (D.N.J. Oct. 20, 2011) ("[T]he Proposed Intervenors' stated interest in only having this action dismissed or transferred ... will clearly prejudice the rights of the existing parties in this action, [and] the Court declines to permit the Proposed Intervenors to intervene."); *Calderon v. Clearview AI, Inc*., No. 20 CIV. 1296 (CM), 2020 WL 2792979, at *8 (S.D.N.Y. May 29, 2020) ("Courts have previously recognized that intervention for the sole cause of dismissing, staying, or transferring an action – the very action sought here – is prejudicial to the original parties' right to proceed before the court of their choosing."); *Kamerman v. Steinberg*, 681 F. Supp. 206, 211 (S.D.N.Y. 1988) (denying permissive intervention where the movants' "sole purpose" was to stay the case and delay the related actions, rather than join the pending action); *Echard v. Wells Fargo Bank N.A*., No. 2:21-CV-5080, 2022 WL 1210321, at *5 (S.D. Ohio Apr. 25, 2022) (refusing permissive intervention to other class counsel who sought to "commandeer the litigation").

This is especially so when a defendant, like Navient, *see* ECF 86, does not support the proposed intervention. *Travis*, 284 F. Supp. 3d at 346–47 ("Proposed intervenors do not seek to intervene to participate in this case—instead, they seek to intervene for the purpose of moving to dismiss, stay, or transfer this action under the first-to-file rule. Travis and Navient both oppose dismissing, staying, or transferring this action under the first-to-file rule. Thus, permitting proposed intervenors to intervene for this purpose would prejudice the rights of Travis and Navient given that they wish to proceed before this Court."). Because none of the parties – not even Defendants – has indicated a willingness to stay or dismiss this action, it would be highly prejudicial to do so on request from a New York plaintiff.

Further, there is a substantial prejudice to the parties if it is "unsettled" whether the first-filed action even has jurisdiction over the plaintiff's claims in the second-filed action. *Webb*, 2018

WL 1990509, at *4 ("Thus, while it is uncontested that this Court has personal jurisdiction over Defendants, is it unsettled if the Northern District of California would have personal jurisdiction over Defendants with respect to claims raised in the Webb action."); *Cf. Manier*, 2017 WL 59066, at *2 ("there is nothing to suggest that the [second-filed] action would be certified while the [first-filed] action would not").

After the Fifth Circuit's *Crocker* decision, Mazloom has no basis for obtaining nationwide certification of a class that would encompass the consumers in this case, especially with a case pending in the Northern District of New York. In fact, the jurisdictional limits enforced in *Crocker* were expressly applied from Second Circuit caselaw that would be binding in her action. *Crocker v. Navient Sols., LLC (In re Crocker)*, 941 F.3d 206, 216-17 (5th Cir. 2019) (adopting *In re Anderson*, 884 F.3d 382 (2d Cir. 2018)). And the Second Circuit itself has recently opined that it intends to enforce this line of authority. *Belton v. GE Capital Retail Bank (In re Belton)*, 961 F.3d 612, 617 (2d Cir. 2020) (citing inter alia *Crocker*, 941 F.3d at 216-17). In the face of this Second Circuit authority that would be binding on Mazloom's matter, it is highly unlikely that she will be able to certify a nationwide class. As discussed below, and as will likely be discussed further in class certification briefing, Teran believes that certification of a Ninth Circuit class is possible after certification of a Fifth Circuit class in *Crocker*. But for purposes of this motion, it is at minimum "unsettled" whether the *Mazloom* Court would have jurisdiction over Ninth Circuit debtors. *See Webb*, 2018 WL 1990509, at *4.

In short, not only does Mazloom's commandeering attempt fail the threshold timeliness requirement of Rule 24(b)(1), but it also is highly prejudicial to the litigants in this action.

> 3.    *The Court Has Discretion to Deny Intervention Even If Rule 24(b)'s Requirements Were Satisfied, and Courts Often Exercise Such Discretion Pre-Class Certification*

Finally, even if Mazloom could meet the requirements of Rule 24(b), it does not automatically follow that the Court should allow her to intervene.

"Even if an applicant satisfies those threshold requirements [of Rule 24(b)], the district court has discretion to deny permissive intervention." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998)); *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996). This Court's broad power to decline intervention is important because "[c]ourts routinely deny permissive intervention requests" when no class has been certified in any jurisdiction. *Attix*, 2020 WL 9849821, at *3 (citing *Calderon*, 2020 WL 2792979, at *5).

Here, there is plenty of reason to decline intervention in the absence of a certified class. As explained above, the experience of Mazloom's counsel in *Crocker* (which Mazloom is quick to tout) shows that she is unlikely to obtain any relief whatsoever beyond a circuit-wide class of consumers. This action moving forward thus has little (if any) practical effect on her case: she can continue to pursue a class action representing a significant number of consumers. The only beneficiary from the instant motion is Mazloom's counsel, who is clearly seeking a bigger share of the pie by trying to claim a stake to other circuits. Courts are often (rightly) skeptical of attempts to intervene that are largely engineered to benefit plaintiff's counsel. *See Calderon*, 2020 WL 2792979, at *8 ("entry of a stay… benefits no one, except, arguably, [Intervenor's] counsel."); *Attix*, 2020 WL 9849821, at *2; *see also Izzio v. Century Partners Golf Mgmt., L.P.*, No. 3:14-CV-03194-P, 2015 WL 5472845, at *6 (N.D. Tex. Sept. 15, 2015) (declining permissive intervention for purposes of raising first-to-file argument, where "the Court has already noted that Metzger seeks intervention for the sole purpose of dismissing and/or transferring some portion of the underlying action so that he, rather than the Consolidated Plaintiffs, can maintain the class action on behalf of (only) the Harbor Links workers.").

There is neither technical reason, nor sound practical reason, why Mazloom should be permitted to intervene in this California action.

15

**B. The First-to-File Rule Does Not and Should Not Apply in This Context**

Because Mazloom's request to intervene in this matter fails, as discussed above, her request to stay or dismiss this matter must be denied. *Calderon*, 2020 WL 2792979, at *8. ("[A]bsent intervention, the court need not – indeed, cannot – reach the merits of [a proposed intervenor's] motion to dismiss, transfer, or stay.").

Nevertheless, even if this Court were to find that Mazloom has satisfied the high standard for intervention under Rule 24 in this matter, which she has not, the Court should still decline to exercise its discretion to dismiss or stay this matter pursuant to the first-to-file rule for multiple reasons. The first-to-file rule "does not counsel rigid mechanical solution[s.]" *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 627-28 (9th Cir. 1991). Indeed, "[t]he most basic aspect of the first-to-file rule is that it is discretionary[.]" *Id*. at 628. The only practical outcome of staying or dismissing this action would be to deny Teran and members of the classes he seeks to represent unique and substantial relief *only* available in this tribunal. Mazloom has not carried her burden to demonstrate why this is appropriate. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.").

The first-to-file rule is "to be applied with a view to the dictates of sound judicial administration." *Pacesetter Systems, Inc. v. Medtronic, Inc*., 678 F.2d 93, 95 (9th Cir. 1982). It is not a means to reward aggressive litigation tactics from other plaintiffs' counsel. This Court should reject Mazloom's invocation of the first-to-file rule here as an attempt by her attorneys to carve out a larger stake in litigation against a substantial entity by hijacking or crippling this matter.

1. *This Case Has Progressed Further Than the Mazloom Matter*

To start, the chronology prong of the first-to-file rule is not as mechanical as Mazloom presents. Instead, "[t]he first factor requires that one action be filed *meaningfully* prior to the other. Courts have declined to apply the rule where the time between the actions is relatively short because the two actions will not necessarily have progressed to different stages." *Nat'l Union Fire*

16

*Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, No. C-11-1892 EMC, 2012 WL 3277222, at *3 (N.D. Cal. Aug. 9, 2012) (emphasis added).

Mazloom filed her complaint on July 2, 2020. *See* Burge Decl., at 3, ¶ 7.f, *see also id.* at 86. Teran filed his complaint on August 31, 2020, and notified Mazloom's counsel of the same shortly thereafter. Heath Decl., at ¶ 3. Notably, notwithstanding Mazloom's counsel's awareness of the broad class definitions proposed in Teran's Complaint, *see* Compl., at 12, ¶¶ 57-58, Mazloom waited nearly two and a half years to bring the instant motion. Mazloom also appears to have done little with her head start, as no class has been certified in that matter and the parties are currently awaiting the court's ruling on cross motions for summary judgment.[2] By comparison, there was already a summary judgment decision in this case almost one year ago, Teran and his counsel have completed Rule 23 discovery, and a hearing on Teran's Motion for Class Certification is scheduled next month.[3] ECF 67; *see also* ECF 86 at 6 (highlighting advanced procedural posture of this matter). Even Defendants agree that "this case is more advanced procedurally with respect to the issue of class certification than the Mazloom case." (ECF 86, 6.)

As a result, the similar filing dates of these matters does not rigidly compel the outcome Mazloom seeks. In light of the significant additional procedural progress of this matter and the long delay between the filing of this matter and the instant motion, this Court should decline to exercise its discretion to apply the first-to-file rule in favor of Mazloom. *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) (finding first-to-file rule did not apply where second action passed a motion to dismiss and first filed action did not); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2012 WL 3277222, at *9 ("[C]ourts have

---

[2]  Moreover, Mazloom recently filed a motion for leave to amend her complaint to add additional plaintiffs. If granted, discovery as to these plaintiffs will no doubt further delay any ruling on class certification in that matter.

[3]  Teran substantially streamlined his class definitions in his Motion for Class Certification based upon the evidentiary record developed during discovery, as is often the case in class action litigation. *See Torres v. Mercer Canyons, Inc.*, 835 F.3d 1125, 1139 (9th Cir. 2016) (noting district court may elect to create subclasses or adjust the scope of a class definition); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590–91 (N.D. Cal. 2010) (permitting plaintiff to modify the proposed class so long as the "proposed modifications are minor, require no additional discovery, and cause no prejudice to defendants.").

17

rejected the [first to file] rule when the second-filed action had developed further than the initial suit."); *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1355 (S.D.N.Y. 1992) (declining to apply the first-to-file rule, in part, because second-filed action, which was filed 20 days later than the first, had proceeded further).

### 2. *The Classes Here Overlap Only Minimally*

Likewise, the classes proposed here only minimally overlap with Mazloom's proposed class for multiple practical and legal reasons. In the context of a class action, "the majority of district courts in the Ninth Circuit . . . have compared the putative classes rather than the named plaintiffs." *Pedro v. Millennium Prods, Inc.*, 2016 WL 3029681, at *3 (N.D. Cal. May 27, 2016) (collecting cases). Mazloom baldly asserts that Teran's proposed class here is "subsumed within the *Mazloom* class," ECF 76 at 10-11, but this is incorrect. In her operative complaint, Mazloom defines the class she seeks to represent as:

> All persons who received loans from Defendants for attendance at non-Title IV institutions; who obtained bankruptcy discharge after October 1, 2005; who were subsequently subjected to Defendants' acts to collect on the loans; and who have not reaffirmed their loans.

ECF 78 at 81, ¶ 27.[4] While some overlap exists between the two classes, numerous distinctions counsel the rejection of Mazloom's argument as to the similarity of the parties here.

Indeed, Teran (and hundreds like him) is *not* a member of the class Mazloom seeks to represent because no record that classifies Teran's discharged bar study loan as "non-Title IV" exists within Defendants' records.[5] By comparison, the definition of Teran's Injunctive Relief Class for Non-Qualified Loans ("Class 1") is not only more precise, it also includes borrowers that Mazloom would exclude from a class based simply on whether or not Navient classifies their loans

---

[4]    Teran cites the definition from Mazloom's complaint because no motion for class certification has been filed in that matter.

[5]    Classes must be ascertainable by virtue of objective criteria. *In re Petrobras Sec.*, 862 F.3d 250, 269 (2d Cir. 2017). Mazloom appears to suggest that a requirement of "looking behind" Navient's records to determine whether the money was distributed to a Title IV institution, but this presents considerable manageability problems that could undermine her attempt, if any, to certify a class in the New York matter.

18

as Title IV. Teran's definition leverages additional objective criteria to categorize the loans based upon their purpose and includes borrowers whose discharged loans were for "bar study, relocation, medical residency, career training, continuing education, purchasing computer(s), or obtaining professional license(s)[.]" ECF 70 at 3. Mazloom's proposed definition does not capture Teran's bar study loan because Navient's records (mis)classify it as a Title IV loan. *See* ECF 73-8, Ex. 8 to Mot. for Class Cert. (Under Seal), at 2, Column N. In total, 936 of the 3,412 loans of record—27.4% of the total—fall outside of Mazloom's class definition because Navient classified them as Title IV loans in its records notwithstanding their being for dischargeable purposes, such as bar study. Heath Decl., at ¶ 4. 352 bar study loans are similarly classified as Title IV loans, including Teran's. *Id*. at ¶ 5. Thus, insufficient overlap exists among the membership of Mazloom's proposed nationwide class and that of Teran's Ninth Circuit Class for Non-Qualified Loans ("Class 2").

Moreover, because Mazloom is not a California resident and thus lacks statutory standing to represent the California Unfair Collection and Reporting Class for Non-Qualified Loans ("Class 3") here, there is insufficient similarity of parties with respect to this subgroup as well.

This Court should find that Mazloom has failed to show sufficient identity of the parties to invoke the first-to-file rule here.

3. *Multiple Issues Distinguish This Action from the Mazloom Matter*

Mazloom asserts that the two actions at issue here "allege the exact same issues," ECF 76 at 11, but her simplistic analysis of the factual and legal issues in this matter fails to demonstrate sufficient identity of issues for this Court to invoke the first-to-file in Mazloom's favor.

This is because, of all the various class actions against Navient on discharged student loans, not a single one has been able to obtain nationwide class certification for damages. At best, these cases get certified on a circuit-wide basis, as in the certified class in the *Crocker* remand, and as is currently pending in *Woodard* and *Coyle* (other circuit-wide class cases that Mazloom's counsel is actively litigating and not seeking to stay). While Navient's response presents a number of arguments concerning the proper geographic scope of a certified class, which is not currently

before the Court at this time, one thing is clear: it is highly unlikely that Mazloom will be able to certify a class of consumers that provides restitutionary relief to Ninth Circuit debtors. Thus, whether this case and the Mazloom matter share one or more key issues is irrelevant to the instant motion because Mazloom may not obtain any monetary relief on behalf of the Ninth Circuit debtors that Teran seeks to represent in this lawsuit.

There may be some overlap in Teran's proposed class seeking nationwide *prospective* relief. Although no court has certified a nationwide damages class in this context, nationwide injunctions have been entered, even within the Navient discharge litigation. *See In re Homaidan*, 640 B.R. 810, 866 (Bankr. E.D.N.Y. 2022) (entering temporary restraining order in favor of a nationwide class of different debtors). However, to the extent any prospective orders are granted against Navient in this litigation or in any other, harmonizing them does not present the sort of administrative problems that the first-to-file rule is intended to address.

In any case, although the dischargeability issue is present in both the instant matter and the *Mazloom* matter, no reason to invoke the first-to-file rule vis-à-vis the *Mazloom* matter exists here because the dischargeability issue is not currently contested in either case. Whether the loans at issue here are dischargeable has already been resolved in this matter and is the law of the case. *In re Teran*, 638 B.R. at 627 ("The Bar Loan is not a qualified educational loan under the Qualified Loan Section as a matter of law[.]"); *see also In re Christoff*, 527 B.R. 624, 635 (B.A.P. 9th Cir. 2015) (affirming grant of summary judgment to debtor in action concerning dischargeability of similar loans). The Second Circuit has already determined that the loans in question are dischargeable in a case brought by Mazloom's counsel, no less. *See Homaidan v. Sallie Mae, Inc.*, 3 F.4th 595, 599 (2d Cir. 2021). No rule of comity requires this Court to stay or dismiss this matter because "key" legal issues have *already* been decided.

In addition to these critical problems with Mazloom's argument, she ignores Teran's claim under the CCRAA on behalf of his Class 3. To stay or dismiss this case would needlessly prejudice

these class members,[6] potentially denying them a recovery of a statutory punitive damages available under the CCRAA.

Although it is far from clear that Mazloom, a resident of New York, could have brought a claim under the CCRAA in her New York suit, she did not do so. *See* ECF 78 at 84-85 (Claims for Relief). Further demonstrating her lack of familiarity with this statute, Mazloom suggests that Teran's CCRAA claim "clearly depends on the resolution of the underlying bankruptcy law issue[,] which is identical in both cases," *see* ECF 76 at 12, n. 6, but this argument ignores the separate legal and factual issues relevant to this claim that are not present at all in the *Mazloom* action. Section 1785.25(a) of the CCRAA states that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." To prove a claim for liability under that section, Teran must prove a number of independent factual and legal elements that have only indirect relationship to the dischargeability issue at stake in this matter and must demonstrate that, "at the time of the failure to comply with this section," the furnisher did not "maintain[ ] reasonable procedures to comply with those provisions." CAL. CIV. CODE § 1785.25(g). If successful, Teran and members of Class 3 would be entitled to actual damages and, if Defendants' conduct is deemed willful, "[p]unitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper[.]" CAL. CIV. CODE § 1785.31(a)(2).

Thus, the prejudice that a dismissal or stay would deal to Teran's independent CCRAA claim weighs heavily in favor of this Court declining to exercise its discretion to apply the first-to-file rule here.

Finally, although both Mazloom and Teran seek injunctive relief barring Navient from collecting the discharged loans of a proposed nationwide class of debtors, this is no basis to invoke

---

[6] Defendants collected at least some money from approximately 1,565 debtors with a California address after the discharge order was entered in each debtor's respective bankruptcy action. Heath Decl., at ¶ 6.

21

the first-to-file rule. Mazloom has not argued that multiple injunctions against Defendants here would lead to any administrative problems or other efficiency issues. More importantly, Navient has not made such arguments either.

### 4. *Equity Compels the Denial of Mazloom's Motion*

The Ninth Circuit has recognized that equity often requires a court to reject a mechanical application of the first-to-file rule, *see Alltrade, Inc.*, 946 F.3d at 628, which is exactly what Mazloom asks this Court to do. Some similarities among parties and claims are not enough to stay[7] this case in preference for another, especially when doing so plainly serves the interests of Mazloom's attorneys, who hope to take ownership of an additional piece of similar litigation against a familiar defendant, and not in the interests of anyone else, including Mazloom herself, whose recovery will be the same.

Moreover, Defendants have not invoked the first-to-file rule in any of the numerous matters currently pending against it. As one court observed, "Several putative class actions are currently pending against Navient, alleging that Navient has collected on private student loans that were discharged in the borrowers' bankruptcy proceedings." *In re Navient Sols., LLC*, 625 B.R. 801, 809-10 (Bankr. S.D.N.Y. 2021) In addition to this and the *Mazloom* matter, these include *Crocker v. Navient Solutions, LLC*, Adv. Proc. No. 16-03175 (DRJ) (Bankr. S.D. Tex. 2016); *Homaidan v. Sallie Mae, Inc*., Adv. Proc. No. 17-01085 (ESS) (Bankr. E.D.N.Y. June 23, 2017); *Bolt v. Navient Solutions*, Adv Proc. No. 20-03040 (AMN) (Bankr. D. Conn. Sept. 8, 2020). Although not a class action, the matter of *McDaniel v. Navient Solutions, LLC*, Adv. Proc. No. 17-01274 (KHT) (Bankr. D. Colo. July 12, 2017) raises nearly identical issues. Indeed, Defendants acknowledge many of these cases in their response to Mazloom's motion, and even point out the additional cases of *Woodard v. Navient Solutions, LLC*, Adv. Pro. 21-08023-TLS (Bankr. D. Neb.) and *Coyle v. Navient Solutions, LLC*, Adv. Pro. 22-80018-JTG (Bankr. W.D. Mich.). *See* ECF 86 at 6.

---

[7] In any case, even if this Court were convinced that the first-to-file rule applied here, the appropriate response is to stay this matter, not to dismiss it outright. *Alltrade, Inc*., 946 F.2d at 628–29.

Case: 20-03075   Doc# 88   Filed: 01/11/23   Entered: 01/11/23 17:28:50   Page 28 of 30

Defendants have not sought to dismiss or stay any of these cases. Just as important, Mazloom has not sought to dismiss or stay any of these cases litigated by her counsel, even though many of Mazloom's arguments in this matter would apply with equal force to those cases.

Application of the first-to-file rule is simply incompatible with this matter under the current circumstances. This Court should deny Mazloom's motion to stay or dismiss this matter.

## IV. <u>CONCLUSION</u>

Mazloom cannot establish the prerequisites for permissive intervention into this action. Even if she could, however, the first-to-file rule does not bar Mr. Teran's claims. As a result, this Court should deny Mazloom's motion in its entirety.

Respectfully submitted,

Dated:      January 11, 2023      **OSCAR D. TERAN**,

by his attorneys,

*/s/ Erika Heath*
Erika A. Heath
**FRANCIS MAILMAN SOUMILAS, P.C.**
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel: 628-246-1352
Fax: 215-940-8000
eheath@consumerlawfirm.com

James Michel
**THE LAW OFFICE OF JAMES MICHEL**
2912 Diamond St #373
San Francisco, CA 94131-3208
Tel: (415) 239-4949
attyjmichel@gmail.com

**FRANCIS MAILMAN SOUMILAS, P.C.**
James A. Francis*
John Soumilas*
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000

23

jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiff and the Proposed Classes*

24