Sean Phillips Rodriguez, State Bar No. 262437
srodriguez@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

*Attorneys for Stephanie Mazloom*

[Additional Attorneys on signature page]

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: OSCAR D. TERAN, Debtor | Bankruptcy No. 10-31718 DM<br>Chapter 7 |
| OSCAR D. TERAN, on behalf of himself and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION,<br><br>Defendants. | Adversary No. 20-03075<br><br>**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION**<br><br>Date: Jan. 25, 2023<br>Time: 7:00 a.m.<br>Location: Videoconference<br>Judge: Hon. Dennis Montali |

Adversary No. 20-03075
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION

Case: 20-03075    Doc# 93    Filed: 01/18/23    Entered: 01/19/23 09:04:32    Page 1 of 20

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ....................................................................................................................................... 3

I. Both Teran And Mazloom Seek Certification of the Same National Class. ............................. 3

II. It is a Waste of Judicial Resources for Both this Court and the *Mazloom* Court to Address the Issue of Class Certification. ................................................................................ 5

III. The Issue of Jurisdiction Over a National Class Should be Decided in *Mazloom* and in the Pending Second Circuit Appeal in *Bruce*. ......................................................................... 8

IV. Ms. Mazloom Timely Moved to Intervene Upon Learning that Teran Sought Certification of a National Class. .............................................................................................. 10

V. Moving To Intervene is The Proper Vehicle By Which Ms. Mazloom Sought to Dismiss Or Stay This Proceeding and Such Intervention is Not Prejudicial. ......................... 12

VI. The Pendency of Other Actions Does Not Diminish the Merits of Mazloom's Motion. ............................................................................................................... 13

-i-   Adversary No. 20-03075
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION

Case: 20-03075   Doc# 93   Filed: 01/18/23   Entered: 01/19/23 09:04:32   Page 2 of 20

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*Ajasa v. Wells Fargo Bank, N.A.* (*In re Ajasa*),
   21-cv-07085 (E.D.N.Y. Apr. 25, 2022) .................................................................................. 9

*Ajasa v. Wells Fargo Bank, N.A.* (*In re Ajasa*),
   627 B.R. 6 (Bankr. E.D.N.Y. 2021) ................................................................................. 9, 11

*Ajasa v. Wells Fargo Bank, N.A.* (*In re Ajasa*),
   Adv. Pro. No. 18-01122, Dkt. No. 119 (Bankr. E.D.N.Y. Apr. 26, 2022) ................................. 9

*Anderson v. Credit One* (*In re Anderson*),
   641 B.R. 1 (Bankr. E.D.N.Y. 2022)................................................................................... 9, 10

*Anderson v. Credit One Bank, N.A.* (*In re Anderson*),
   884 F.3d 382 (2d Cir. 2018) ................................................................................................... 10

*Anderson v. Capital One Bank (USA), N.A.* (*In re Anderson*),
   Adv. Pro. No. 15-08342, Dkt. No. 99 (Bankr. S.D.N.Y. Jan. 7, 2021) ..................................... 9

*Askin v. Quaker Oats Co.*,
   No. 11-111, 2011 WL 5008524 (N.D. Ill. Oct. 20, 2011) ........................................ 2, 6, 8, 13

*Belton v. GE Capital Retail Bank* (*In re Belton*),
   21-cv-09492 (S.D.N.Y. Feb. 10, 2022) ................................................................................... 9

*Belton v. GE Capital Retail Bank* (*In re Belton*),
   961 F.3d 612 (2d Cir. 2020) ................................................................................................... 10

*Belton v. GE Capital Retail Bank* (*In re Belton*),
   Adv. Pro. No. 14-08223, Dkt. No. 17 (Bankr. S.D.N.Y. Feb. 11, 2022) .................................. 9

*Bessette v. Avco Fin. Servs., Inc.* (*In re Bessette*),
   230 F.3d 439 (1st Cir. 2000) ............................................................................................. 9, 10

*Bojorquez v. Abercrombie & Fitch, Co.*,
   193 F. Supp. 3d 1117 (C.D. Cal. 2016) ................................................................................. 15

*Bolden v. Barilla Am.*,
   No. 19-472, 2019 WL 1883909 (C.D. Cal. Mar. 28, 2019) ..................................................... 6

*Booker v. Am. Honda Motor Co., Inc.*,
   No. 2:20-cv-05166, 2020 WL 7263538 (C.D. Cal. Oct. 20, 2020) ............................... 2, 4, 6, 7

*Bruce v. Citigroup Inc. et al.*,
   2022 WL 17146638 (2d Cir. 2022) ....................................................................................... 10

-ii-
Adversary No. 20-03075
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION

Case: 20-03075    Doc# 93    Filed: 01/18/23    Entered: 01/19/23 09:04:32    Page 3 of 20

*Crocker v. Navient Solutions, L.L.C.* (*In re Crocker*),
   941 F.3d 206 (5th Cir. 2019)..................................................................................Passim

*Edmonds v. Amazon.com. Inc.*,
   No. 19-1613, 2020 WL 4207208 (W.D. Wash. July 22, 2020) ............................... 13

*Golden v. Discover Bank* (*In re Golden*),
   630 B.R. 896 (Bankr. E.D.N.Y. 2021) ............................................................... 9, 11

*Haynes v. Chase Bank USA, N.A.* (*In re Haynes*),
   Adv. Pro. No. 13-08370, 2014 WL 3608891 (Bankr. S.D.N.Y. July 22, 2014) ........ 9

*Herer v. Ah Ha Pub., LLC*,
   927 F. Supp. 2d 1080 (D. Or. Feb. 25, 2013).......................................................... 6

*Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*),
   Adv. Pro. No. 17-1085, 2022 WL 10707498 (Bankr. E.D.N.Y. Oct. 17, 2022)........ 9

*Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*),
   3 F.4th 595 (2d Cir. 2021) ...................................................................................... 5

*Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*),
   640 B.R. 810 (Bankr. E.D.N.Y. 2022) .................................................................. 11

*Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*),
   Adv. Pro. No. 17-01085-ess, Dkt. No. 193 (Bankr. E.D.N.Y. Feb. 12, 2020)........... 6

*League of United Latin Am. Citizens v. Wilson*,
   131 F.3d 1297 (9th Cir. 1997)............................................................................... 12

*Mader v. Experian Info. Sols.*,
   56 F.4th 264 (2d Cir. 2023) .................................................................................. 13

*Mazloom v. Navient Solutions, LLC* (*In re Mazloom*),
   Adv. Pro. No. 20-80033 (Bankr. N.D.N.Y.) ..................................................Passim

*Mazloom v. Navient Solutions, LLC* (*In re Mazloom*),
   Adv. Pro. No. 20-80033, 2022 WL 950932 (Bankr. N.D.N.Y. March 29, 2022)..... 13

*Manier v. L'Oreal USA, Inc*,
   No. 2:16-CV-06886, 2017 WL 59066 (C.D. Cal. Jan. 4, 2017) ......................... 8, 14

*McDaniel v. Navient Solutions, LLC* (*In re McDaniel*),
   973 F.3d 1083 (10th Cir. 2020).............................................................................. 5

*Mehr v. Capital One Bank USA N.A.*,
   No. 18-1576, 2019 WL 2428768 (C.D. Cal. Jan. 4, 2019) .................................. 2, 6

*Ruff v. Del Monte Corp.*,
   No. 12-05251, 2013 WL 1435230 (N.D. Cal. Apr. 9, 2013) ................................................... 7

*Schwartz v. Frito-Lay N. Am.*, No.,
   No. 12-02740, 2012 WL 8147135 (N.D. Cal. Sept. 12, 2012) ............................................... 7

*Smith v. Los Angeles Unified Sch. Dist.*,
   830 F.3d 843 (9th Cir. 2016) .................................................................................................... 12

*Subbaiah v. GEICO Gen. Ins. Co.*,
   No. 2:19-CV-06717, 2019 WL 9904278 (C.D. Cal. Dec. 11, 2019) ............................... 7, 8, 14

*Tonkawa Tribe of Indians of Oklahoma v. Sci. Games Corp.*,
   No. 2:20-CV-01637, 2021 WL 3847802 (D. Nev. Aug. 27, 2021) ......................................... 8

*United States v. Haytian Republic,*
   154 U.S. 118 (1894) .................................................................................................................. 15

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
   967 F. Supp. 2d 1289 (N.D. Cal. 2013) ............................................................................... 4, 7

*Young v. Bank of Am., N.A.*,
   No. 12-5514, 2013 WL 2952758 (N.D. Cal. Mar. 7, 2013) ..................................................... 2

**Statutes**

11 U.S.C. § 524 ........................................................................................................... 2, 8, 9, 10

**Rules**

Federal Rule of Civil Procedure 24 ..................................................................................... 13

**Other Authorities**

7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1916
   (3d ed. Apr. 2022 update) ........................................................................................................ 12

-iv-                                                                                            Adversary No. 20-03075
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION
TO INTERVENE AND STAY OR DISMISS THIS ACTION

Case: 20-03075   Doc# 93   Filed: 01/18/23   Entered: 01/19/23 09:04:32   Page 5 of 20

# PRELIMINARY STATEMENT

The pending motion presents a straight-forward application of the first-to-file rule, an important doctrine adopted to protect judicial resources and avoid inconsistent judgments. Teran's counsel concede, as they must, that they seek class certification for a national class of Navient non-Title IV borrowers. That class is exactly the same class for which certification had been sought in *Crocker* and is currently being sought in *Mazloom*. Moreover, in *Crocker*, *Mazloom* and *Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*), Adv. Pro. No. 17-01085-ess (E.D.N.Y.), a parallel class action involving a distinct class, the undersigned counsel have addressed every issue raised in this case. Given that undisputed fact, it is surprising that Teran's counsel ignore the key issue before the Court: *i.e.*, whether two courts should be deciding the same issues involving the exact same class at the same time. The law is clear that such a waste of judicial resources should be avoided.

Moreover, it can hardly be disputed that determining the claims against Navient in one national class action is in the best interest of the class and conserves judicial resources. Yet, despite their own request for a national class, Teran's counsel inexplicably and unapologetically throw the class under the bus by conceding Navient's key argument, *i.e.*, that this Court should follow the Fifth Circuit's decision in *Crocker* to the effect that only the court that issued the discharge order can entertain this type of action. Teran's counsel thereby fatally undermine both their nationwide injunctive class and their circuit-wide monetary class. By making this concession, Teran's counsel have irrevocably tainted this case. But unlike Teran's counsel, the undersigned counsel are pursuing a national class in *Mazloom* as part of a vigorous and successful multi-year effort to establish favorable case law supporting a national class and are about to argue that very issue before the Second Circuit.

Teran's counsel argue that the *Teran* and *Mazloom* classes are not coterminous. That is simply incorrect. Both *Mazloom* and this case seek certification of a national class involving all borrowers who attended Title IV schools. That includes individuals who attended so-called non-Title IV schools as well as people such as Teran, who received a loan while not attending school at all, *e.g.*, a bar study loan. All the described individuals set forth in Teran's motion for class

-1-                           Adversary No. 20-03075
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION

Case: 20-03075    Doc# 93    Filed: 01/18/23    Entered: 01/19/23 09:04:32    Page 6 of 20

certification come within the scope of the class in *Mazloom*. Indeed, Teran himself was specifically identified as a member of the *Crocker* class and received the benefit of the Agreed Order obtained in that case by the undersigned counsel by which Navient agreed to refrain from collecting on all individuals identified as not attending Title IV schools. Teran also now benefits from the continuation of that agreement, which the undersigned counsel obtained from Navient in *Mazloom*. Further, Teran's counsel simply misstates the record when they claim that the *Mazloom* class is dependent upon how Navient characterizes the status of each of the individuals. That is demonstrably false: the *Mazloom* class is defined by the objective criteria of whether the individuals received educational loans and were not attending Title IV schools. These are objective facts to be determined by the court, not based on Navient's characterization.

Teran's counsel also assert that no monetary relief can be awarded to California residents in *Mazloom*. That is simply false: if a national class is certified in *Mazloom*, restitution of all funds paid on discharged debts will be awarded, and the court may award punitive damages for willful violations of § 524.[1]

Teran's counsel also assert that the request here is untimely because Mazloom's counsel should have moved to stay or dismiss the case when it was originally brought in August of 2020. But until certification was sought on December 16, 2022, this case was no different from many

---

[1] Teran's compensatory and punitive damages claim under California law can be adjudicated after the *Mazloom* court awards full relief – including punitive damages for willful violations of § 524 – under federal bankruptcy law. *See Mehr v. Capital One Bank USA N.A.*, No. 18-1576, 2019 WL 2428768, at *5 (C.D. Cal. Jan. 4, 2019) (finding that although the second filed putative class action also brought California statutory claims, "[b]ecause Mehr's California statutory claims are premised on the same central issue as the claims in the [first filed] Action . . . both actions will involve similar arguments, evidence, and determinations by the Court, and the first-to-file rule properly applies."); *Booker v. Am. Honda Motor Co., Inc.*, No. 2:20-cv-05166, 2020 WL 7263538, at *3 (C.D. Cal. Oct. 20, 2020) (noting that "[c]ontrary to Plaintiffs' argument, it is not dispositive that the claims in each case are brought under different state laws or driven by different legal theories"); *Young v. Bank of Am., N.A.*, No. 12-5514, 2013 WL 2952758, at *1 (N.D. Cal. Mar. 7, 2013) (applying first-to-file rule despite later-filed class action including California Rosenthal Act claims not asserted in earlier-filed suits); *Askin v. Quaker Oats Co.*, No. 11-111, 2011 WL 5008524, at *4 (N.D. Ill. Oct. 20, 2011) ("As long as the underlying facts are the same, as is the case here, the fact that the two complaints allege violations of different state laws is not enough to render them substantially dissimilar for purposes of the first-to-file analysis."). We note that Navient has moved to stay the California claims in favor of arbitration, arguing that those claims are "non-core." *See* Navient's Motion to Dismiss or Alternatively Compel Arbitration, Dkt. Nos. 20, 21. That motion apparently has been held in abeyance. *See* Dkt. No. 30; Dkt. No. 58 at 2.

other individual cases brought against Navient that potentially could become class cases. Further, Teran's own complaint limited his putative class to individuals residing in the Northern District of California. Dkt. No. 1 at ¶¶ 57, 58. With the filing of their motion for class certification, however, Teran's counsel sought to dramatically expand the proposed class, seeking monetary relief for all individuals residing in the Ninth Circuit and injunctive relief for everyone nationwide, in what is now an identical class to the one pending in *Mazloom*.

Ironically, Teran's counsel argues that the undersigned counsel are "seeking a bigger share of the pie by trying to claim a stake to other circuits." Dkt. No. 88 (*Teran* Br.) at 15. But it is Teran's counsel that are seeking to grab a bigger share of the pie. They admit that, before they filed this action, they were aware of the *Crocker* action (and cited it in their Complaint), and were presumably also aware of *Mazloom* and *Homaidan*, and obviously are piggybacking on the work done in those actions by filing this copycat litigation. Teran's counsel are clearly trying to use this Court as their horse in the race to get to the finish line and grab a share of class counsel fees. But the undersigned counsel have been litigating this issue for seven (7) years, including seeking certification of a national class, long before Teran's counsel filed this action. There is no principled reason for this Court to expend its resources on duplicative efforts just to get Teran's counsel a win.

Finally, Teran's counsel are simply wrong when they assert that it was improper to use intervention as a means to stay or dismiss this proceeding. Their own case law holds otherwise. Moreover, whatever procedural vehicle is used, the case law is clear that it serves no one's benefit to have two competing races to the courthouse to provide relief to the same national class. This Court has ample authority to stay or dismiss this action without prejudice pending a ruling on class certification in the first-filed *Mazloom* action.

## ARGUMENT

### I. BOTH TERAN AND MAZLOOM SEEK CERTIFICATION OF THE SAME NATIONAL CLASS.

It is undisputed that Teran now seeks class certification and injunctive relief on behalf of a national class, the definition of which is identical to the national class already asserted in *Mazloom*.

As such, the first-to-file rule applies and there is a presumption that the first-filed case should proceed. *See Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013) (finding the first-to-file rule applicable because "each class representative could become a member of the other lawsuit's nationwide class if that action [was] certified."); *Booker*, 2020 WL 7263538 at *3 ("[T]he mere fact that Plaintiffs seek to represent state-specific subclasses unrepresented in [the first filed case] does not alter the conclusion that, due to the overlap in the putative nationwide classes, there is substantial similarity between the parties.").

Both actions seek relief with regard to debtors who obtained private educational loans that were not used to pay for attendance at a Title IV school. That includes not only people who obtained bar study loans such as Teran but also includes individuals who attended non-Title IV schools or individuals seeking medical residency loans or other types of so-called educational loans while not attending a Title IV school. The fact that bar loans are included in the class definition in *Mazloom* is evidenced by the fact that Navient has agreed in *Mazloom* to forbear from collecting on all loans on the *Crocker* Agreed Order list. That list originally included Crocker himself, who had a bar study loan, and still includes Teran, whose loans are in forbearance because of the *Mazloom* agreement. Unlike Teran, however, Ms. Mazloom seeks nationwide relief not only in the form of an injunction, but also for monetary damages.

Teran's counsel also erroneously argue that the class definition in *Mazloom* is dependent upon how Navient characterizes the individual loans. *Teran* Br. at 18-19. There is absolutely no support for this assertion in the record. The class definition relied upon in *Mazloom* is based upon objective facts as to the status of each class member and whether they were attending a Title IV institution at the time they received their educational loan. The class definition is not at all dependent upon how Navient characterizes a particular loan.[2]

---

[2] Teran's counsel are also flatly wrong when they suggest that Navient has characterized Teran's loan as a Title IV loan. *Teran* Br. at 19. Teran is on the Agreed Order list provided by Navient to *Crocker* counsel as a presumptive list of all individuals who were subject to the Agreed Order in the *Crocker* case, which applied only to non-Title IV loans. Teran is listed as attending a Title IV school because he apparently did attend a Title IV school. But that does not make his loan a qualified educational loan, because the loan was not made for attendance at a Title IV school, but rather, for living expenses while he studied for the bar exam after graduation. Like Crocker and Teran, all individuals who received bar study loans from Navient are in the class.

-4- Adversary No. 20-03075
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION

Case: 20-03075   Doc# 93   Filed: 01/18/23   Entered: 01/19/23 09:04:32   Page 9 of 20

## II. IT IS A WASTE OF JUDICIAL RESOURCES FOR BOTH THIS COURT AND THE *MAZLOOM* COURT TO ADDRESS THE ISSUE OF CLASS CERTIFICATION.

Teran's counsel fail to address the key issue before this Court, which is whether the presumption of the first-filed rule should be disregarded because of compelling circumstances. It should not. If Teran's counsel continue to litigate this case here, they will be causing this Court and the parties to waste needless resources addressing the exact same issues and potentially leading to inconsistent rulings between courts of coordinate jurisdiction and to piecemeal resolutions of disputes that warrant uniformity. By denying Ms. Mazloom's motion for a stay or dismissal, the first-to-file rule's beneficial purpose of promoting efficiency and comity would be lost.

Teran's counsel suggest that there is no reason to stay or dismiss this case because all issues related to dischargeability have effectively been decided. *Teran* Br. at 20. Navient would beg to differ. First, this Court expressly held that there are questions of fact to be decided as to whether Teran's loan is covered by § 523(a)(8)(A)(i). Dkt. No. 58 at 3-10. In addition, although it has lost the issue in three separate circuits[3], Navient continues to argue that all of its private educational loans are nondischargeable under § 523(a)(8)(A)(ii). Navient also asserts defenses in this case similar to those raised in briefings in other cases, namely laches, ratification and fraud. *See* Dkt. No. 14 at 29-30. The undersigned have addressed all these or similar defenses in *Mazloom*, Adv. Pro. No. 20-80033-6, Dkt. Nos. 86, 145, 155 and *In re Homaidan*, Adv. Pro. No. 17-01085-ess, Dkt. No. 193 at 13-21 (Bankr. E.D.N.Y. Feb. 12, 2020). The undersigned have also briefed a debtor's right to restitution of funds illegally collected by Navient, the cornerstone of the monetary relief sought here. *Id*.

Moreover, even if there were not still issues on the merits to be determined, there is still no reason for both this Court and the *Mazloom* court to address issues related to class certification. Each court will have to address exactly the same issues applying to exactly the same class in deciding whether class certification is appropriate, which is an obvious waste of judicial resources and could lead to inconsistent decisions. Courts routinely apply the first-to-file rule and stay or

---

[3] *Crocker v. Navient Solutions, L.L.C.* (*In re Crocker*), 941 F.3d 206, 217 (5th Cir. 2019), *as revised* (Oct. 22, 2019); *McDaniel v. Navient Solutions, LLC* (*In re McDaniel*), 973 F.3d 1083, 1094 (10th Cir. 2020); *Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*), 3 F.4th 595, 601 (2d Cir. 2021).

-5- Adversary No. 20-03075
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION

Case: 20-03075    Doc# 93    Filed: 01/18/23    Entered: 01/19/23 09:04:32    Page 10 of 20

dismiss a later filed case when faced with competing class certification motions. *See Bolden v. Barilla Am.*, No. 19-472, 2019 WL 1883909, at *3 (C.D. Cal. Mar. 28, 2019) ("It would be inefficient for two cases brought on behalf of identical proposed classes to proceed on parallel tracks . . . . [T]he Court does not see why the first-to-file rule's interests in efficiency and avoidance of inconsistent decisions would not apply equally to the class certification decision itself."); *Booker*, 2020 WL 7263538 at *3 ("[T]he Court is not persuaded that the uncertainty regarding class certification counsels against application of the first-to-file rule. . . . A contrary finding would essentially prohibit application of the first-to-file rule until after the class certification stage, at which point parties have already expended substantial resources towards pleadings, motions, and class certification discovery. That result is inconsistent with 'the policy of the first-to-file rule, which is to maximize judicial economy, consistency, and comity.'" (citation omitted)); *Mehr*, 2019 WL 2428768 at *5 (granting motion to stay pursuant to the first-to-file rule in favor of an earlier-filed putative class action "to promote the interests of 'sound judicial administration,' to avoid unnecessary burdens on the judiciary, and to avoid conflicting judgments."); *Askin*, 2011 WL 5008524 at *6-7 (staying the later filed putative class action because it was "duplicative" of previously filed action); *see also Herer v. Ah Ha Pub., LLC*, 927 F. Supp. 2d 1080, 1090 (D. Or. Feb. 25, 2013) (holding that "[a]llowing the two actions to proceed simultaneously is inefficient and could result in 'the embarrassment of conflicting judgments.'" (citation omitted)). Courts also transfer cases under the first-to-file rule in order to avoid duplicative and potentially inconsistent rulings. *See, e.g.*, *Wallerstein*, 967 F. Supp. 2d at 1296 (granting defendant's motion to transfer pursuant to the first-to-file rule); *Ruff v. Del Monte Corp.*, No. 12-05251, 2013 WL 1435230, at *4 (N.D. Cal. Apr. 9, 2013) (granting defendants' motion to transfer because of "the potential for conflicting rulings, duplicative discovery, and the potential costs to the parties and to potential witnesses"); *Schwartz v. Frito-Lay N. Am.*, No. 12-02740, 2012 WL 8147135, at *3 (N.D. Cal. Sept. 12, 2012) (transferring case pursuant to first-to-file rule because the defendant "met its burden to establish chronology, similarity of parties, and similarity of issues, and Plaintiff has not demonstrated why fairness should prevent the transfer under the first-to-file rule.").

Further in applying the first to file rule, "the speed at which one case progresses is not

-6-  Adversary No. 20-03075
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION

Case: 20-03075    Doc# 93    Filed: 01/18/23    Entered: 01/19/23 09:04:32    Page 11 of 20

dispositive. Rather, courts must also consider the other policies underlying the first-to-file rule, including economy and consistency." *Booker*, 2020 WL 7263538 at *4. Thus, this Court should defer to the *Mazloom* case, where plaintiff's counsel made their motion for class certification almost two years ago on March 9, 2021, *Mazloom*, Adv. Pro. No. 20-80033; Dkt. Nos. 37, 39, 40 and 41 (Bankr. N.D.N.Y.), and where the undersigned have been appointed as interim class counsel. *Id.*, Dkt. No. 130.

It is disingenuous to assert, as Teran's counsel do, that Navient "does not support the proposed intervention." *Teran* Br. at 13. In fact, Navient takes no position with regard to the Motion to Stay or Dismiss and devotes its entire brief to a recitation of its argument that neither this Court nor the *Mazloom* court has jurisdiction over a national class, a point which Teran's counsel surprisingly concede. *See generally* Dkt. No. 86 (Navient Br.); *Teran* Br. at 13-14.

Counsel for Teran would have the Court believe that successful motions to stay or dismiss based on the first-to-file rule are only brought by defendants (Teran Br. at 1). However, courts routinely allow plaintiffs to intervene and grant motions to stay, dismiss or transfer later-filed actions where the similarity of parties and issues and procedural posture mean that coordination of cases "will save significant judicial resources and avoid conflicting decisions." *Subbaiah v. GEICO Gen. Ins. Co.*, No. 2:19-CV-06717, 2019 WL 9904278, at *7 (C.D. Cal. Dec. 11, 2019); *Manier v. L'Oreal USA, Inc*, No. 2:16-CV-06886, 2017 WL 59066, at *3 (C.D. Cal. Jan. 4, 2017); *Tonkawa Tribe of Indians of Oklahoma v. Sci. Games Corp.*, No. 2:20-CV-01637, 2021 WL 3847802, at *4 (D. Nev. Aug. 27, 2021); *see also Askin*, 2011 WL 5008524 at *6. This is especially true here, as Teran "cannot show that allowing [Mazloom] to intervene would have a negative effect on the claims [he] shares with the putative class in [*Mazloom*]." *Subbaiah*, 2019 WL 9904278 at *4. To the contrary, and as discussed above, granting Ms. Mazloom's motion would *benefit* the *Teran* nationwide class as the undersigned counsel are fighting vigorously for nationwide resolution.

Finally, it is clear that resolving the issue of class certification in *Mazloom* is much to the class's advantage. Obviously, Teran's counsel do not care whether or not the nationwide class gets any relief because they have readily agreed with Navient's key argument that this Court lacks

-7- Adversary No. 20-03075
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION

Case: 20-03075 Doc# 93 Filed: 01/18/23 Entered: 01/19/23 09:04:32 Page 12 of 20

jurisdiction over a national class. But, as noted below, that issue has been successfully argued in the Second Circuit and is currently pending before the Court of Appeals there. Mazloom's counsel should have the opportunity to obtain a favorable appellate decision on that issue. If that appeal is successful, then Mazloom, Teran, and everyone else in the nationwide class will be able to obtain monetary and injunctive relief pursuant to the continuation of that action.

**III. THE ISSUE OF JURISDICTION OVER A NATIONAL CLASS SHOULD BE DECIDED IN *MAZLOOM* AND IN THE PENDING SECOND CIRCUIT APPEAL IN *BRUCE*.**

Teran's counsel argue that this Court should not stay or dismiss this action because the efforts by Mazloom's counsel are futile, agreeing with Navient that there is no jurisdiction over a national class. It is surprising that Teran's counsel would concede such a critical issue adverse to the interests of their own purported class merely to be able to grab their "portion of the pie." But the fact is that the undersigned counsel have been aggressively and successfully arguing for a national class for several years. As a result of these efforts, Ms. Mazloom's counsel have obtained numerous decisions in related student loan cases as well as in other cases establishing that a national class is proper in cases alleging violations of the discharge injunction in § 524. *See In re Homaidan*, Adv. Pro. No. 17-1085, 2022 WL 10707498, at *46-53 (Bankr. E.D.N.Y. Oct. 17, 2022); *Anderson v. Credit One* (*In re Anderson*), 641 B.R. 1, 15-20 (Bankr. E.D.N.Y. 2022); *Golden v. Discover Bank* (*In re Golden*), 630 B.R. 896 (Bankr. E.D.N.Y. 2021); *Ajasa v. Wells Fargo Bank, N.A.* (*In re Ajasa*), 627 B.R. 6 (Bankr. E.D.N.Y. 2021); *Haynes v. Chase Bank USA, N.A.* (*In re Haynes*), Adv. Pro. No. 13-08370, 2014 WL 3608891, at *6-9 (Bankr. S.D.N.Y. July 22, 2014).

In addition, the undersigned counsel have been successful in obtaining a number of settlements of national class claims in bankruptcy court involving other violations of § 524 of the Bankruptcy Code and individual discharge orders. *See Belton v. GE Capital Retail Bank* (*In re Belton*), 21-cv-09492, Dkt. No. 17 (S.D.N.Y. Feb. 10, 2022); *Belton v. GE Capital Retail Bank* (*In re Belton*), Adv. Pro. No. 14-08223, Dkt. No. 140 (Bankr. S.D.N.Y. Feb. 11, 2022); *Ajasa v. Wells Fargo Bank, N.A.* (*In re Ajasa*), 21-cv-07085, Dkt. No. 18 (E.D.N.Y. Apr. 25, 2022); *Ajasa v.*

-8- Adversary No. 20-03075
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION

Case: 20-03075    Doc# 93    Filed: 01/18/23    Entered: 01/19/23 09:04:32    Page 13 of 20

*Wells Fargo Bank, N.A.* (*In re Ajasa*), Adv. Pro. No. 18-01122, Dkt. No. 119 (Bankr. E.D.N.Y. Apr. 26, 2022); *Anderson v. Capital One Bank (USA), N.A.* (*In re Anderson*), 19-cv-03981, Dkt. No. 20 (S.D.N.Y. Sept. 11, 2019); *Anderson v. Capital One Bank (USA), N.A.* (*In re Anderson*), Adv. Pro. No. 15-08342, Dkt. No. 99 (Bankr. S.D.N.Y. Jan. 7, 2021); *Haynes v. Chase Bank U.S.A., N.A.* (*In re Haynes*), 18-cv-03307, Dkt. No. 19 (S.D.N.Y. Aug. 24, 2018); *Haynes v. Chase Bank U.S.A., N.A.* (*In re Haynes*), Adv. Pro. No. 13-08370, Dkt. No. 133 (Bankr. S.D.N.Y. Sept. 27, 2018); *Echevarria v. Bank of America Corp.* (*In re Echevarria*), 17-cv-08026, Dkt. No. 23 (S.D.N.Y. Mar. 14, 2018); *Echevarria v. Bank of America Corp.* (*In re Echevarria*), Adv. Pro. No. 14-08216, Dkt. No. 121 (Bankr. S.D.N.Y. Mar. 15, 2018).

These cases are consistent with the reasoning of the First Circuit in *Bessette v. Avco Fin. Servs., Inc.* (*In re Bessette*), 230 F.3d 439 (1st Cir. 2000), *amended on denial of reh'g* (Dec. 15, 2000), which held that it is nonsensical to deny a national class in a situation where one defendant takes almost identical action in violation of statutory injunction under § 524 and the standard discharge order in literally thousands of cases. The undersigned counsel have now presented this issue to the Second Circuit Court of Appeals in an action which is expected to be argued in a matter of weeks. *See* Brief for Plaintiff-Appellee at *25-53, *Bruce v. Citigroup Inc. et al.*, 2022 WL 17146638 (2d Cir. 2022).

The undersigned counsel concede that the Fifth Circuit's decision in *Crocker* is adverse to them with regard to the national class issue. However, contrary to Teran's counsel's argument, the Second Circuit decision in *Anderson v. Credit One Bank, N.A.* (*In re Anderson*), 884 F.3d 382 (2d Cir. 2018), which the undersigned counsel argued, is not inconsistent with exercising jurisdiction over a national class. Indeed, as the undersigned counsel have argued in their brief to the Second Circuit cited above (2022 WL 17146638 at *42-44), the exact opposite is true. In *In re Anderson*, the Second Circuit held that it would be inappropriate to send claims involving violations of § 524 to arbitration whether or not the action sought class action relief. *In re Anderson*, 884 F.3d at 390-392. And notably, on remand following the Second Circuit's decision in *Anderson*, the bankruptcy court certified a nationwide class action, in a very well-reasoned opinion. *In re Anderson*, 641 B.R. at 16-19; 53-63.

-9-

MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION

Adversary No. 20-03075

Case: 20-03075    Doc# 93    Filed: 01/18/23    Entered: 01/19/23 09:04:32    Page 14 of 20

Further, Teran's counsel's reliance on *Belton v. GE Capital Retail Bank* (*In re Belton*), 961 F.3d 612 (2d Cir. 2020), is also inappropriate in light of the fact that that court, again addressing the arbitration issue, did not have the issue of nationwide jurisdiction before it and the court acknowledged that its comments with regard to nationwide jurisdiction were pure dicta and have been treated as such by every lower court in the Second Circuit to address the nationwide class issue. *See* Brief for Plaintiff-Appellee at *49-52, *Bruce v. Citigroup Inc. et al.*, 2022 WL 17146638 (2d Cir. 2022).

Teran's counsel fail to explain how they can oppose jurisdiction over a national class while at the same time seeking injunctive relief for a national class and monetary relief for a circuit-wide class. Nothing in *Crocker* or any of the other cases upon which Navient relies to oppose a national class would sanction a circuit-wide class. Those cases purport to rely on the erroneous notion that only the judge who issued the discharge order has jurisdiction to hold Navient in contempt for violation of that order. Given that, how do Teran's counsel plan to advocate for a nationwide injunctive class and a circuit-wide monetary relief class?

Teran's counsel vaguely imply that nationwide injunctive relief is possible, while monetary relief is not, citing *In re Homaidan*, 640 B.R. 810, 866 (Bankr. E.D.N.Y. 2022). *Teran* Br. at 20. What Teran's counsel fail to acknowledge, however, is that Judge Stong, the author of the decision they cite, squarely and unequivocally held, in cases also brought by the undersigned, that she had jurisdiction over a national class with regard to all appropriate relief, not just injunctive relief. *In re Golden*, 630 B.R. at 922-23; *In re Ajasa*, 627 B.R. at 31-32. Further, although the issue before the Court in *Homaidan* was injunctive relief, nothing the court said in its analysis implied that the result would be any different for monetary relief. *In re Homaidan*, 640 B.R. at 846-66.

### IV. MS. MAZLOOM TIMELY MOVED TO INTERVENE UPON LEARNING THAT TERAN SOUGHT CERTIFICATION OF A NATIONAL CLASS.

Teran's counsel argue that this motion is untimely because Mazloom's counsel have been aware of the pendency of the *Teran* case since its filing in August 2020.[4] But that argument ignores

---

[4] In their brief, Teran's counsel mislead the Court by suggesting that one of the undersigned counsel, George Carpinello, invited Teran's counsel to meet and confer about coordinating the

-10- Adversary No. 20-03075
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION

Case: 20-03075    Doc# 93    Filed: 01/18/23    Entered: 01/19/23 09:04:32    Page 15 of 20

the fact that, until Teran's motion for class certification was filed on December 16, 2022, Teran's action was nothing more than an individual action that putatively sought to certify a class no larger than the Northern District of California. The key timeliness inquiry should focus on when proposed intervenors knew of their interest in the case, not, as Teran argues, simply when the intervenors were aware of the pendency of the case. *See Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) ("[T]he mere lapse of time alone is not determinative. . . . Where a change of circumstances occurs, and that change is the 'major reason' for the motion to intervene," timeliness, "should be analyzed by reference to the change in circumstances, and not the commencement of the litigation.")[5]; 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1916 (3d ed. Apr. 2022 update) (timeliness "should not be judged in a vacuum . . . and the mere lapse of time by itself does not make an application untimely. The court must weigh the lapse of time in light of all the circumstances.").

It would have been improper and futile for undersigned counsel to move to stay or dismiss Teran's individual action merely based upon the possibility that he would move for certification of a nationwide class that overlaps with the proposed *Mazloom* class. Once he did move for class action relief, indeed over a national class identical to that sought in *Mazloom*, it became necessary to immediately seek to bring the *Mazloom* case to this Court's attention and to urge that this case be dismissed or stayed pending the class certification determination in *Mazloom*. And that is

---

cases. *Teran* Br. at 7, 12. In fact, Teran's counsel James A. Francis contacted Mr. Carpinello about possibly coordinating the cases and Mr. Carpinello agreed to talk with Mr. Francis. In that call, Mr. Francis stated for the first time that Teran's counsel may move for certification of a circuit-wide class but had not decided for certain. Mr. Carpinello asked Mr. Francis the theoretical basis for asserting jurisdiction over a circuit-wide class but not a national class, a question which Mr. Francis declined to answer. Mr. Francis did not tell Mr. Carpinello that they were considering seeking certification of a national class. As Mr. Francis concedes in his declaration, Mr. Carpinello made no commitment to coordinate with Teran's counsel. Decl. of George F. Carpinello in Support of Intervenor's Memorandum of Law in Reply to Plaintiff's Opposition to Stephanie Mazloom's Motion to Intervene and Stay or Dismiss this Action; Decl. of James A. Francis in Opposition of Stephanie Mazloom's Motion to Intervene and to Dismiss Or, in the Alternative, to Stay this Action Pursuant to the First-Filed Rule. Dkt. No. 90.

[5] Although this case addresses intervention as of right, courts rely on the same three factors used to determine timeliness—the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay—to determine timeliness in the permissive intervention context. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997).

precisely what Ms. Mazloom did, by filing her motion a mere six days later, on December 22, 2022.

Nor is Teran prejudiced in any way by the entry of a stay or dismissal without prejudice. As noted, there is no reason for the exact same issue to be decided in this case in light of the pending identical motion in *Mazloom*. Teran's prior efforts were not for naught because he obtained a favorable decision in this case similar to the decision obtained by the undersigned in *Mazloom*, 2022 WL 950932 (Bankr. N.D.N.Y. March 29, 2022) and recently obtained by the same counsel before the Second Circuit in *Mader v. Experian Info. Sols.*, 56 F.4th 264 (2d Cir. 2023) to the effect that Navient cannot bootstrap itself into § 523(a)(8)(A)(i) by simply asserting in its boilerplate that the loan is part of a program that also funds federal loans. That decision not only helps Teran personally but also the entire national class. And Navient has already agreed in the *Mazloom* action to cease all collection activity over Teran and the other members of his proposed class, so no class members will be further harmed during the duration of this class suit.

**V. MOVING TO INTERVENE IS THE PROPER VEHICLE BY WHICH MS. MAZLOOM SOUGHT TO DISMISS OR STAY THIS PROCEEDING AND SUCH INTERVENTION IS NOT PREJUDICIAL.**

The case law is clear, including the cases cited by Teran's counsel, that the proper method of seeking to stay or dismiss this case is to move pursuant to Federal Rule of Civil Procedure 24 for intervention for that limited purpose. Teran's counsel cite to numerous cases as purporting to hold that it is improper to seek intervention solely for the purpose of dismissing or staying a later-filed action and that courts "routinely decline requests to intervene when the purpose of intervention is to dismiss or stay proceedings in favor of an earlier case." *Teran* Br. at 12. That is a clear misstatement of the case law.

First, where the party seeking a stay or dismissal is not already a party to the action, the proper way to seek a stay or dismissal based upon a first-filed case is through a motion to intervene. *See Edmonds v. Amazon.com. Inc.*, No. 19-1613, 2020 WL 4207208, at *3 (W.D. Wash. July 22, 2020) (finding that "permissive intervention would be both helpful and necessary to resolve important issues regarding the first-to-file rule and the potential for overlapping collectives."); *Askin*, 2011 WL 5008524 at *6 (holding that allowing intervention "in this case pursuant to Rule

-12- Adversary No. 20-03075
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION

Case: 20-03075    Doc# 93    Filed: 01/18/23    Entered: 01/19/23 09:04:32    Page 17 of 20

24(b) will allow this court to resolve all of the issues related to the first-to-file question without prolonging or unduly complicating the current suit."); *Manier*, 2017 WL 59066 at *2 (noting that "[t]he proposed Intervenors' motion requires a two-step approach: first, the Court must determine whether intervention is appropriate, and second, it must decide whether or not to dismiss, stay, or transfer the case pursuant to the first-to-file rule."); *Subbaiah*, 2019 WL 9904278 at *4 (granting motion for intervention for the limited purpose of filing motion to dismiss, stay, or transfer pursuant to first-to-file rule).

Second, permissive intervention in this case would not prejudice the parties' rights. In the cases cited by Teran's counsel, courts denied the motions to intervene because they found that a stay would be inappropriate for reasons not applicable here. Counsel for putative intervenors either (i) sought control over cases asserting different legal theories; (2) were engaged in obvious gamesmanship; (3) represented different classes; or (4) sought to stay a case that was far ahead of the case intervenors favored. *See Teran* Br. at 12-13. None of those situations apply here.

Fundamentally, the motion to intervene is merely the procedural vehicle by which the Court can address the real substantive issue, *i.e.*, whether the case law holds that this case should be stayed or dismissed. On that issue, Teran's counsel are essentially—and quite notably—silent.

## VI. THE PENDENCY OF OTHER ACTIONS DOES NOT DIMINISH THE MERITS OF MAZLOOM'S MOTION.

Teran's counsel suggest that there is no reason to stay or dismiss this action because there are plenty of other actions pending in other districts brought by the undersigned counsel, involving the same or similar issues. In so arguing, they create a very distorted picture for the Court. First, they cite *Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*), Adv. Pro. No. 17-01085 (ESS) (Bankr. E.D.N.Y.), which, as Teran's counsel concede, involves an entirely distinct class, *i.e.*, those individuals who received private educational loans from Navient but who attended Title IV institutions. Thus, the undersigned brought that class action separately so as to avoid defense arguments about lack of typicality or adequate representation. It is important to note, however, that *Homaidan* has resolved or will resolve many of the issues raised by Navient in this case, including jurisdiction over a national class, applicability of § 523(a)(8)(A)(ii), estoppel, waiver

and fraud.[6] Teran also references the *Bolt*,[7] *Coyle* and *Woodard* cases, which were filed by the undersigned counsel. But all of those cases were filed after the Fifth Circuit rendered its decision in *Crocker* and the undersigned counsel were merely acting in the best interests of the class by attempting to preserve claims in the event that a national class ultimately cannot be obtained. Moreover, *Coyle* and *Woodward*, unlike this case, seek circuit-wide, not nationwide relief. Significantly, in *Coyle* and *Woodard*, undersigned counsel seek both injunctive and monetary relief on behalf of all members of the class, unlike this case, where Teran's counsel are engaged in claim splitting, seeking only partial injunctive relief for all class members outside the Ninth Circuit.[8] Further, if it is determined that the *Mazloom* court has jurisdiction over a national class, the undersigned counsel will readily stay the *Coyle* and *Woodard* actions pending the result in *Mazloom*. Thus, the only real conflict is between this case, which for the first time in the pending motion for class certification seeks to represent a nationwide class, and *Mazloom*, where a motion seeking certification of an identical nationwide class has been pending for nearly two years.

But Teran's counsel are correct that opportunistic counsel, like themselves, are filing copycat cases seeking to benefit from the work of the undersigned counsel. That is all the more reason why order should be brought to this potential chaos by staying this competing case and allowing class certification to proceed in the first-filed action.

---

[6] The undersigned have been appointed as interim class counsel in *Homaidan*. *In re Homaidan*, Adv. Pro. No. 17-01085, Dkt. No. 360 (Bankr. S.D.N.Y. Jul. 28, 2022). The motion for class certification in *Homaidan*, originally made in December 2019 (Dkt. No. 169) is being argued again on January 23, 2023.

[7] The *Bolt* action has been discontinued.

[8] *Bojorquez v. Abercrombie & Fitch, Co.*, 193 F. Supp. 3d 1117, 1123 (C.D. Cal. 2016) ("The doctrine of claim-splitting embodies the notion that a party is 'not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail.'")

Respectfully submitted,

Dated: January 18, 2023

**BOIES SCHILLER FLEXNER LLP**

By: _____
Sean Rodriguez
44 Montgomery Street, 41st Floor
San Francisco, CA 94104

George F. Carpinello
Adam R. Shaw
Jenna C. Smith
30 South Pearl Street, 11th Floor
Albany, NY 12207
(518) 434-0600

**JONES SWANSON HUDDELL LLC**
Lynn E. Swanson
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

**FISHMAN HAYGOOD LLP**
Jason W. Burge
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170

-15- Adversary No. 20-03075
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STEPHANIE MAZLOOM'S MOTION TO INTERVENE AND STAY OR DISMISS THIS ACTION

Case: 20-03075  Doc# 93  Filed: 01/18/23  Entered: 01/19/23 09:04:32  Page 20 of 20